Pearson, J.
 

 It is not necessary to declare that the debt of $50, due by Dempsy Powell to Jacob Powell, to secure which, the deed of trust wras executed to Jones, was in fact, satisfied, at the time Dempsy Powell sold the land to Black-wood, because the proof is full that, before, and at the time Blackwood bought, Jacob Powell represented to him, that the debt was satisfied, and thereby induced him to make the purchase, and was so far privy to the transaction as to have become the draftsman of the bond for the title, in pursuance of which, the deed was executed.
 

 These facts are abundantly sufficient to postpone the equity of Jacob Powell, and to give priority to that of Blackwood, which was afterwards passed to the defendant, Andrew Betts, in trust for Mrs. Blackwood and her children. This rests upon a plain principle of justice, i. e., one who knowingly stands by and permits another to purchase, and
 
 a fortiori,
 
 one who misleads and induces another to purchase, shall not be allowed to set up an opposing equity, or take advantage of the legal title, by which it is supported : It follows that Andrew Betts, in behalf of Mrs. Blackwood and her children, had a right, prior to the sale by Jones, to call upon him for a conveyance of the legal title of the fifty acres of land in controversy. By the sale and deed of Jones, the legal title passed to Anderson Betts, he passed it for valuable consideration to Andrew Betts, and the question is, can he set up title in himself in opposition to his
 
 cestuis gue trust,
 
 Mrs. Black-
 
 *57
 
 wood and her children, for whom he had been constituted a trustee by the deed of Johnson. Anderson Betts had notice of this trust at the time he purchased at the sale made by Jones ; indeed, he had express notice; for Andrew Betts proclaimed his title, as trustee, forbade the sale, and in addition to this, Blackwood and his wife had been in possession ever since his purchase from Dempsy Powell, except for a short time before the sale, during which, it was rented out by her trustee.
 

 It was said in the argument; although these facts show that Anderson Betts had notice of the several deeds, under which Mrs. Blackwood claimed, yet they are not sufficient to affect him with notice of the particular fact, on which the plaintiff’s equity depends, to wit, that Jacob Powell had misled Blackwood and induced him to purchase, by representing that his defendant was satisfied, and Dempsy Powell had a right to sell. The reply is, where one has notice of an opposing claim, he is put “ upon enquiry,” and is presumed to have notice of every fact, which a proper enquiry would have enabled him to find out. Had he asked Blackwood how it happened, that he had been so long in possession of the land, and why it was, that Dempsy Powell had made him a deed after he had conveyed it to Jones, in trust to secure a debt to Jacob Powell, he would have been told, it was because Jacob Powell 'had admitted that the debt was satisfied, and that Dempsy Powell had a right to sell, by reason whereof he had been induced to make the purchase. If after receiving this information, he, Anderson Betts, determined to purchase at Jones’ sale, he took-the responsibility, and acted at the risk, that the matter, of which he was thus informed, would not turn out to be the truth. Unfortunately for him, it was true ; and he is not at liberty to say, that he shut his ears, or was content to believe what Jones and Jacob Powell told him by way of explanation.
 

 These facts being sufficient to fix Anderson Betts with notice, are, of course, sufficient to fix Andrew Betts with notice ; and although they botlrpurchased, for valuable consideration, the plaintiff, Mrs. Blackwood, and her children, have a clear
 
 *58
 
 equity to set up the trust, which had been constituted in their favor. It is not necessary to call in aid the fact, that he was trustee for them prior to his purchase.
 

 There will be a decree directing Andrew Betts to convey the fifty acres in controversy, and also the three acres, included in the deed of trust, to some fit person, to hold for them upon the trusts declared in the deed to him, and there must be a reference to take an account of the rent received by him, and of the profits, which he has, or ought to have, received from the land, and he must be taxed with the plaintiff’s costs, unless the administrator of Jacob Powell, who is liable primarily, has assets sufficient to pay the same. The other defendants will not be required to pay cost, but will bo allowed none. In respect to the defendant Jones, as he admits that he holds the balance of the price, for which he sold, after deducting the amount paid to Jacob Powell, although it is not usual to decree among defendants, yet when the equity is plain, or is admitted, it is in the course of the court so to decree, for the sake of putting an end to the litigation;
 
 Tyson
 
 v. Harrington, 4 Ire. Eq. 329. Dempsy Powell was present, and did not object to the sale of Jones, and it is clear, from the proofs, that the fifty acres, in which he had a resulting trust, was not of a value exceeding $50, while the debt, with interest, amounted to near $50, so he has no equity to any portion of the fund. The defendant Jones will, therefore, be decreed to pay in such balance to his co-defendant, Andrew Betts.
 

 Per Curiam. Decree accordingly.