L. F. TILLERY ET AL. v. THE WHITEVILLE LUMBER COMPANY.

(Filed 18 October, 1916.)

**1. Limitations of Actions—Trespass—Damages—Cutting Trees—Statutes.**

> Where the defendant pleads the three years statute of limitations to an action for trespass, with damages for cutting timber on lands, the burden is on the plaintiff to prove that he commenced his action within the time prescribed; and where from an analysis of the evidence it appears that this has not been done, a judgment of nonsuit is proper. Revisal, sec. 395 (4).

**2. Same—Against State.**

> Construing Revisal, sec. 4048, providing that no statute of limitation shall effect the title or bar the action of one claiming it under an assignment from the State Board of Education, unless the same would protect the person holding the claim adversely to the State, with sections 375, 380, and 389, it is *Held*, that the limitations as to color for twenty-one years, and without for thirty years, do not apply to personal actions after the State has parted with her title to the lands; and the three years statute to recover damages for trespass in cutting and removing trees from the land applies under the facts in this case. Revisal, sec. 395 (4).

ALLEN, J., did not sit.

CIVIL ACTION tried before *Stacy, J.,* and a jury, at February Term, 1916, of COLUMBUS.

*McRackan & Greer and J. D. Bellamy & Son for plaintiffs.*
*Rountree, Davis & Carr and Schulken, Toon & Schulken for defendant.*

WALKER, J. This is an action to recover damages for a trespass committed by cutting trees on plaintiffs' land, and removing them therefrom, the amount demanded being $2,045.40.

The decision of the case turns upon the statute of limitations. If the general statute barring such actions after the lapse of three years from the time the cause of action arose, or, in this case, from the time of cutting the timber, applies, we are of the opinion that the plaintiffs cannot maintain the action and the ruling of the court was correct.

As the defendant pleaded the statute, the burden was upon the plaintiffs to show that their suit was brought within three years from the time of the accrual of the cause of action, or, in other words, that it is not barred. This has been the prevailing rule in this Court as to the burden of proof in such cases. *Moore v. Westbrook,* 156 N. C., 482; *Sprinkle v. Sprinkle,* 159 N. C., 81; *Ditmore v. Rexford,* 165 N. C., 620.

G. L. Holmes testified that when he measured the stumps in the woods they indicated that the timber had been cut about three years before, and that J. K. Ward and G. L. Butler helped him to measure the timber. He did not state the time when he measured it, but J. K. Ward testified that the timber was cut ten or twelve years ago, or before the trial, which would fix the time of measuring the timber some years before the suit was commenced. Holmes, Butler, and Ward were witnesses of the plaintiffs. The only evidence from which any reasonable inference can be drawn as to the time of cutting the timber is that of J. K. Ward, which fixes the time in 1904 or 1906; and if his evidence is considered with that of Holmes, and if the latter was correct when he stated that at the time he measured the timber the appearance of the stumps indicated that it had been cut about three years, the timber must have been measured in 1907 or 1909, or about that time. But if the testimony in regard to the time of the cutting is so uncertain or indefinite that the date cannot be determined, it is the fault of the plaintiffs, as the burden was upon them of making it sufficiently certain for the jury to pass upon it and ascertain the time that had elapsed since the cutting of the timber, so as to determine whether or not the plaintiff's cause of action was barred. It seems to us that if we construe the testimony of Holmes and the testimony of Ward together, or even separately, it is clear that more than three years had run since the accrual of the cause of action before this action was begun. The statute, therefore, bars the action, if it applies at all to a cause of action prosecuted by the plaintiffs.

It is contended by the plaintiffs that the statute does not run against them by reason of Revisal, sec. 4048, which provides that "No statute of limitations shall affect the title or bar the action of the State Board of Education, or its assigns, unless the same would protect the person holding a claim adversely to the State." The defendants insist that neither the section cited nor section 380 of the Revisal applies so as to prevent the bar in this case, as, by Revisal, sec. 375, it is provided: "That the limitations prescribed by law shall apply to civil actions brought in the name of the State, or for its benefit, in the same manner as to actions by or for the benefit of private parties," which has been construed by this Court, in *Threadgill v. McLendon,* 170 N. C., 641, to

mean that the ancient maxim, "No time runs against the King" (*Nullum tempus occurrit rigi*), or, with us, against the State, has been abrogated, and that now, at least in some respects, time does run against the State, as consent has been given that it shall do so in the case of private persons. It also was held in that case that Acts of 1891, ch. 224 (Revisal, sec. 389), did change this law, except as to the species of public property therein mentioned, namely, public roads, and public streets, lanes, alleys, squares, and public ways of any kind. Revisal, sec. 380, may be confined to cases where, by reason of adverse possession of land for the time mentioned in the section, the State is willing to forego her title thereto, and agrees not to sue for the same, nor for any of the issues or profits thereof. It was not intended by this section that the State should not be barred from recovering except by the lapse of thirty years or twenty-one years, for those periods relate only to the adverse possession, without or with color, which will be sufficient to bar the title, and the State agrees that when the adverse possession has continued for so long a time—thirty years without color and twenty-one years with color—she will not sue the person who has thus held the possession, but surrender her title to him; nor will she sue for the issues or profits. But this does not mean that the time limited for bringing any suit for the rents, issues, or profits of land should be lengthened so that instead of being three years, as already specially prescribed by the statute, it should be thirty or twenty-one years. Those periods are not applicable to personal actions, but only, or, at least, generally, to actions for the recovery of land or some interest therein. When, though, the State has lost the title to land, under the provisions of section 380, that fact alone—regardless of the special limitation of three years, as to an action for the recovery of rents, issues, and profits, treated as a personal action—will also bar the right to any profits of the land, even those accrued just before the title was thus lost. Looked at in another way, the bar of any recovery for rents, issues, and profits was but incidental to the loss of the title to the land.

Being of opinion against plaintiffs on both points, we affirm the judgment, as in no view of the facts, giving the plaintiffs the most favorable construction of the evidence, can they recover. *Oldham v. Reiger,* 145 N. C., 254; *Cherry v. Canal Co.,* 140 N. C., 423; *Henderson v. R. R.,* 159 N. C., 581. We have assumed in the discussion that the plaintiffs occupy the same position as if the State were suing, and are entitled to her identical rights and remedies.

Affirmed.

ALLEN, J., did not sit.