Civil action to restrain the collection of an alleged unlawful tax and to correct and alleged error in the assessment of plaintiff's property for taxation.
From an order denying the relief sought, plaintiff appeals.
In this jurisdiction, a taxpayer may contest the validity of an assessment or collection of tax upon his property in one of two ways:
1. He may pay the alleged illegal or invalid tax under protest and then bring an action to recover it back, observing, of course, the requirements of the statute with respect to time, notice, etc. C. S., 7979; Murdock v.Comrs., 138 N.C. 124; Hilliard v. Asheville, 118 N.C. 845; Schaul v.Charlotte, 118 N.C. 733; Range Co. v. Carver, 118 N.C. 328.
2. He may, if the tax or assessment, or some part thereof, be illegal or invalid, or be levied or assessed for an illegal or unauthorized purpose, apply for injunctive relief without paying the alleged illegal or invalid tax in advance. C. S., 858; Sherrod v. Dawson, 154 N.C. 525; Lumber Co.v. Smith, 146 N.C. 199; Purnell v. Page, 133 N.C. 129.
It has been held that the validity of a Federal tax or assessment may not be tested by injunction. Graham v. Dupont, 262 U.S. 243; Seaman v.Bowers, 297 Fed., 371.
In the instant case, plaintiff has applied for injunctive relief, alleging an unlawful assessment. The appropriateness of the remedy is not questioned.
The facts are these: In May, 1922, J. R. Pritchard, chief clerk in the executive office of the Norfolk-Southern Railroad Company, mailed to the proper list-taker for Carteret County and Morehead City, a tax return (enclosing two carbon copies), listing certain personal property of the plaintiff, located in the Atlantic Hotel at Morehead City, and valuing the same at $1,000.00. The said list-taker having made a personal investigation as to the value of the property in question and noting that the same was listed at $10,000.00 the year before, which he deemed to be its fair value, changed the valuation upon said return from $1,000.00 to $10,000.00, and on 29 May mailed one of the carbon copies, as thus changed, to J. R. Pritchard, chief clerk, having direct charge of the matter for plaintiff company. The property was thereupon reported by the list-taker and listed for taxation at the higher value. Mr. Pritchard noted the change in valuation, which had been made by the list-taker upon the carbon copy returned to him, and immediately turned it over to the law department of the plaintiff company for attention. No further steps were taken in regard to the matter until plaintiff was notified by the sheriff of Carteret County of the amount of tax due upon its property; whereupon this suit was instituted to restrain the collection of said tax and to correct the alleged error in assessment.
Plaintiff takes the position that the increased valuation of its property was made by the list-taker without any proper notice and that the same was approved by the board of commissioners, sitting as a board *Page 267 
of equalization on the second Monday in July (C. S., 7938), without giving plaintiff an opportunity to be heard.
The facts are, however, as found by the court below, that the plaintiff's agent did have notice of the action of the list-taker in making the change in question and the matter was referred by him to the legal department of the plaintiff company for attention. Such notice was sufficient, at least, to put plaintiff upon inquiry, and this carries with it a presumption of notice of everything which a reasonable investigation would have disclosed. Blackwood v. Jones, 57 N.C. 54; May v. Hanks,62 N.C. 310. A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests. Wynn v. Grant, 166 N.C. p. 45.
No complaint was made to the board of commissioners, as provided by C. S., 7939, and the report of the list-taker was approved by the board of equalization on the second Monday in July, as a matter of course. Due notice is required to be given of this July meeting, to the end that all taxpayers, who are dissatisfied with the valuation of their property, may appear and make complaint and have the same corrected or equalized, if found to be unjust or unequal. Comrs. v. R. R., 86 N.C. 541.
Section 18 of the Machinery Act of 1921 (same as C. S., 7897), the law in force at the time of the present assessment, contains the following with respect to the powers and duties of list-takers: "The township list-taker and assessor shall obtain from each taxpayer a full, complete, and detailed statement of each and every piece and kind of property, real, personal, and mixed, which said taxpayer shall own on the first day of May, together with, as near as possible, the true value in money of all such property owned by him or them, or which may be under his or their control as agent, guardian, administrator, or otherwise, and which should be listed for taxation; and it shall be the duty of said township list-taker and assessor to ascertain by visitation, investigation, or otherwise the actual cash value in money of each piece or class of property in his township, and to list such property at its actual value for taxation."
Thus it would appear that the list-taker was authorized to increase the valuation of plaintiff's property. This he did and mailed notice to plaintiff of such action on his part.
There is still another ground upon which the judgment entered below should be upheld. Plaintiff is seeking injunctive relief, and it is nowhere alleged that the property in question is not worth $10,000.00. The suit is based upon the single allegation that the action of the list-taker in *Page 268 
increasing the assessment, as above set out, was unlawful. We have discovered no valid reason for disturbing the judgment.
The restraining order having been properly dissolved as against the sheriff and commissioners of the county, it follows that the same judgment was correctly entered as against the tax collector and town of Morehead City. The valuations fixed by the county authorities, for purposes of taxation, are binding upon the cities and towns and must be adopted by them. Such was the holding in Guano Co. v. New Bern, 172 N.C. 258.
Affirmed.