LUCINDA P. MILLS v. F. B. KEMP, Jr., ADMINISTRATOR OF THE ESTATE OF F. B. KEMP, TRUSTEE, AND J. P. WILSON, TRUSTEE.

(Filed 28 November, 1928.)

**1. Mortgages—Cancellation—Form and Validity of Cancellation.**

The statute in regard to the cancellation of mortgages and deeds of trust by cancellation entry upon the record must be strictly complied with in order to secure the grantee in a subsequent conveyance of the *locus in quo* against the prior encumbrance, and where this is done upon exhibit of the canceled conveyance and notes marked paid, the entry should recite correctly the name of the beneficiary and payment of the note, notes or bonds, as the case may be, by the payee thereof. C. S., 2594.

**2. Same—Rights of Subsequent Mortgagee—Notice.**

Where an entry of cancellation is made of record by the register of deeds in canceling a mortgage, C. S., 2594, reciting another name as mortgagee, trustee or *cestui que trust* than that appearing in the registration of the instrument, and that the "bond" was marked paid, when the instrument recited four bonds maturing in series, it is sufficient to set a later grantee or mortgagee upon inquiry as to whether the register of deeds had made a mistake in canceling the mortgage, and fix him with notice of all facts a reasonable inquiry would have revealed.

APPEAL by defendant from *Clement, J.,* 19 September, 1928. From ROCKINGHAM. Reversed.

This is an injunction proceeding. J. W. Norman, who is now insolvent, then the owner, contracted on 5 October, 1920, to convey to plaintiff, Lucinda P. Mills, two lots of land, describing same. The plaintiff paid the purchase price, the final balance was paid prior to 9 Septem-

ber, 1926, except $400, for the lots totaling $3,677.40, and J. W. Norman and wife executed and delivered to her a warranty deed to the lots, which was recorded in the office of the register of deeds of Rockingham County, N. C., on 24 January, 1927, Book 234, p. 444. Prior to plaintiff's contract of 5 October, 1920, with J. W. Norman, he had executed a deed of trust on 13 August, 1920, on the same lots to F. B. Kemp, trustee for J. P. Wilson, trustee, a deed of trust for the sum of $4,377.12, to secure four notes of $1,094.28 each, payable one, two, three and four years after date to J. P. Wilson, trustee, which deed of trust was duly recorded in the office of the register of deeds for said county on 7 September, 1920, in Book 210, p. 115. Plaintiff, after recording her deed, about 12 September, 1927, borrowed $580 from the Boulevard Building and Loan Association on the lots after an examination of the title by its attorney and after the alleged cancellation hereafter set forth, which he found appearing on record. The Building and Loan Association's attorney relied on the cancellation in making the loan.

The further facts found by the court below are as follows:

"On 9 September, 1926, the following entry of cancellation was made by the register of deeds of Rockingham County upon the margin of the record, to wit: Book 210, page 113, in the office of the register of deeds of Rockingham County, whereon the said deed of trust from J. W. Norman to F. B. Kemp, trustee, was recorded.

·"The original of the annexed deed of trust accompanied by the bond and payment and satisfaction endorsed thereon by Cicero Powell, the beneficiary of same, having been exhibited to me, I hereby cancel the same by marking 'Satisfaction, according to law. This 9 September, 1926. W. S. Chambers, R. D.'

"That neither the trustee, F. B. Kemp, nor F. B. Kemp, Jr., administrator of J. P. Wilson, trustee, or any other person holding the notes secured by said deed of trust, authorized or directed the entry of cancellation as herein set out, but that prior to the time of the registration of plaintiff's deed, the said entry and cancellation was made by the register of deeds of Rockingham County, through error, mistake or inadvertence. . . .

"J. P. Wilson, trustee, to whom the said notes were executed by J. W. Norman, on 13 August, 1920, and which said notes were secured by deed of trust executed to F. B. Kemp, trustee, holds said notes and deed of trust, and has held same since their execution; that they have never been marked canceled or presented to the register of deeds for cancellation; that the name Cicero Powell as set forth in the purported cancellation as beneficiary was never the beneficiary and has never had any interest in the notes and deed of trust set forth in the record; that said J. P.

Wilson, trustee, and F. B. Kemp, trustee, have been guilty of no neglect and were in nowise responsible for the purported cancellation; that the cancellation made by the register of deeds was intended by him to be a cancellation of a different record on a different page of the book; that there is a balance due on said notes and deed of trust in the sum of $3,216.30, which amount represents a part of the purchase price which said J. W. Norman contracted to pay for said land."

The court below rendered the following judgment:

"From the foregoing facts the court is of the opinion that the cancellation made by the register of deeds is a valid cancellation; that the deed of trust executed to F. B. Kemp, trustee, for J. P. Wilson, trustee, has been legally discharged so far as the plaintiff is concerned.

"It is therefore considered, ordered and adjudged that the cancellation appearing of record be, and is hereby declared to be a valid cancellation and discharge of the lien and encumbrance in favor of J. P. Wilson, trustee, so far as the lands of the plaintiff are concerned, to wit, lots numbers 2 and 3, as described in the complaint; that the restraining order heretofore granted be, and is hereby made permanent."

From the judgment defendants excepted, assigned error and appealed to the Supreme Court.

*H. L. Fagg, Hunter K. Penn and A. H. King for plaintiff.*
*Glidewell, Dunn & Gwyn for defendants.*

CLARKSON, J. (1) Do the certain words appearing upon the margin of the record constitute a valid cancellation under the statute? We think not. (2) Were the words sufficient to put a prudent man on inquiry? We think so.

C. S., 2594: "Any deed of trust or mortgage registered as required by law may be discharged and released in the following manner: (2) *Upon the exhibition* of any mortgage, deed of trust or other instrument intended to secure the payment of money, *accompanied with the bond or note,* to the register of deeds or his deputy, where the same is registered, *with the endorsement of payment and satisfaction appearing thereon by the payee, mortgagee, trustee, or assignee of the same;* or by any chartered active banking institution in the State of North Carolina, when so endorsed in the name of the bank by an officer thereof, the register or his deputy shall cancel the mortgage or other instrument by entry of 'satisfaction' on the margin of the record; and the person so claiming to have satisfied the debt may retain possession of the bond or mortgage or other instrument: *Provided,* that if such mortgage or deed of trust provides in itself for the payment of money and does not call for or recite any note secured by it, then the exhibition of such mort-

gage or deed of trust alone to the register of deeds or his deputy, shall be sufficient. But if the register or his deputy requires it, he shall file a receipt to him showing by whose authority the mortgage or other instrument was canceled. (3) Upon the exhibition of any mortgage, deed of trust, or other instrument intended to secure the payment of money by the grantor or mortgagor, his agent or attorney, together with the notes or bonds secured thereby, to the register of deeds or his deputy of the county where the same is registered, the deed of trust, mortgage, notes or bonds being at the time of said exhibition more than ten years old, counting from the date of maturity of the last note or bond, the register or his deputy shall make proper entry of cancellation and satisfaction of said instrument on the margin of the record where the same is recorded, whether there be any such entries on the original papers or not. (4) *Every such entry thus made by the register of deeds or his deputy, and every such entry thus acknowledged and witnessed,* shall operate and have the same effect to release and discharge all the interest of such trustee, mortgagee or representative in such deed or mortgage as if a deed of release or reconveyance thereof had been duly executed and recorded."

The intent of the statute seems to be that to operate as a release or reconveyance, the express requirements of the statute must be complied with. This has not been done.

In *Bank v. Sauls,* 183 N. C., at p. 169, it is said: "The second section of C. S., 2594, requiring cancellation, expressly provides that if not canceled by the mortgagee or trustee, that the mortgage or deed of trust, with the note secured, may be produced, and, if marked satisfied, the register of deeds shall mark the instrument canceled. Neither notes nor mortgages are required to be produced when the mortgagee in person makes or authorizes the cancellation. It would seem that this defect in the statute might be remedied by legislation so as to require that the notes and mortgage shall be produced when the mortgagee enters the cancellation, but that is a matter for the legislative department. The statute is plain, and in the absence of fraud participated in by the creditor or purchaser, if the statute is followed the creditor is protected by the entry and cancellation of the mortgage which, if made in the manner provided in the statute, is conclusive."

The cancellation was not made in the manner provided by the statute.

Let us see; the attempted cancellation was as follows: *"The original of the annexed deed of trust, accompanied with the bond and payment and satisfaction endorsed thereon by Cicero Powell, the beneficiary of same, having been exhibited to me, I hereby cancel the same by marking 'Satisfaction, according to law.' This 9 September, 1926. W. S. Chambers, R. D."*

J. W. Norman made the deed of trust to F. B. Kemp, trustee, for *J. P. Wilson, trustee.* So far as the record discloses, *Cicero Powell* was not the payee, mortgagee, trustee or assignee of the same. "Endorsed thereon by Cicero Powell, the beneficiary of same," is insufficient. He admittedly is neither "payee, mortgagee, trustee, or assignee of the same," and the cancellation does not comply with the statute. A beneficiary is defined in 1 Story Eq. Jur., sec. 321: "One for whose benefit a trust is created—a *cestui que trust.*" J. P. Wilson, trustee, was the *cestui que trust,* not Cicero Powell.

In *Insurance Co. v. Cates,* 193 N. C., p. 456, the cancellation was a forgery by the act of a third person. This was held absolutely void. The Court, at p. 462-3 said: "In *Heyder v. Excelsior B. and L. Association,* 42 N. J. Eq., 403, 8 Atl., 310, 59 Am. Rep., 49, it is very justly said: 'The security afforded by registry should remain undisturbed by cancellation effected through mistake, accident, or fraud of third persons, even if by such cancellation subsequent mortgagees or purchasers are made to suffer loss. Such after-acquired rights ought not to prevail against the just claims of an innocent, nonnegligent encumbrancer, because the record has been wrongly effaced.' "

In *Swindell v. Stephens,* 193 N. C., at p. 477, it is held: "It is further agreed that the cancellation of the deed of trust from Cuthrell to Vaughn, trustee, was entered on the record by the register of deeds, who was authorized by statute to cancel the deed of trust upon the exhibition to him of the deed of trust, with the notes secured thereby, endorsed by the trustee, in the deed of trust, or by the payee of the notes secured thereby, 'Paid and satisfied.' This cancellation, as same appears upon the record, is regular in all respects; it is a discharge of the land from the lien of the deed of trust, certainly in so far as the North Carolina Joint Stock Land Bank is concerned. *Guano Co. v. Walston,* 187 N. C., 667."

In the before-mentioned and like cases, where the statute was strictly complied with by the proper officer, a subsequent creditor or purchaser had a right to rely on the cancellation and was protected.

*As to the second proposition:* The recorded deed of trust was made to secure a certain sum, $4,377.12, together *with four notes* of $1,094.28, payable one, two, three and four years. Examining the alleged cancellation, it says "annexed deed of trust accompanied with the bond." Yet there were four bonds or notes, giving the word notes a broad terminology. Sufficient notice was disclosed by the alleged cancellation to put a prudent examiner on inquiry. Upon inquiry it would have been found that the cancellation was a mistake, "with the bond," does not mean four notes or bonds.

It is said in *Whitehurst v. Garrett, ante,* at p. 157: "In this jurisdiction, under C. S., 3311, the registration of deeds of trust and mortgages on real and personal property have been held of prime importance. . . . It gives stability to business. When properly probated and registered, they are constructive notice to all the world. Creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor, obtain no title as against a properly probated and registered conveyance, sufficiently describing the property." When properly canceled the same principle applies.

In regard to the duty of a prudent man to make inquiry, it is said in *R. R. v. Comrs.,* 188 N. C., at p. 267: "Such notice was sufficient, at least, to put the plaintiff upon inquiry, and this carries with it a presumption of notice of everything which a reasonable investigation would have disclosed. *Blackwood v. Jones,* 57 N. C., 54; *May v. Hanks,* 62 N. C., 310. A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interest. *Wynn v. Grant,* 166 N. C., p. 45." *Ijames v. Gaither,* 93 N. C., at p. 362; *Farmers, etc., Bank v. Germania Life Ins. Co.,* 150 N. C., 770; *Lumber Co. v. Trading Co.,* 163 N. C., 314. For the reasons given, the judgment below is

Reversed.