W. H. AUSTIN v. L. GEORGE AND JOHN McCALL, TRADING AS CITY MARKET.

(Filed 30 September, 1931.)

**1. Partnership D d—Notice of retirement from partnership held sufficient to put plaintiff upon inquiry as to the facts.**

Where a store is rented to one of two partners who pays rent thereon for a time and thereafter tells the lessor that he is no longer connected with the partnership, and the other partner continues to pay rent until a later date, *Held:* in an action to recover rent accruing thereafter, notice given by the retiring partner was at least sufficient to put the lessor upon reasonable inquiry and charge him with all that such inquiry would disclose, and the holding of the trial court that it was not sufficient to relieve the retiring partner of liability is error, and a new trial will be awarded.

**2. Notice A b—Party having notice is chargeable with all that reasonable inquiry would disclose.**

A party having notice must exercise ordinary care to ascertain the facts and is chargeable with all that a reasonable inquiry would disclose.

APPEAL by defendant, L. George, from *Sinclair, J.,* at April Term, 1931, of JOHNSTON.

Summary proceeding in ejectment instituted by W. H. Austin, agent, against L. George and John McCall, trading as City Market.

Summons was issued by a justice of the peace on an affidavit of the plaintiff, setting forth a cause of action under C. S., 2365, also claiming rent in arrear to the amount of $174.65, as authorized by C. S., 2367. On the hearing, the justice of the peace gave judgment that the defendants be removed from, and the plaintiff be put in possession of, the demised premises (C. S., 2369), and that the plaintiff recover of the defendants the sum of $187.50 with interest and costs.

On appeal by the defendants, the case was tried *de novo* in the Superior Court on the issue of indebtedness alone, resulting in the following verdict:

"What amount, if any, are the defendants indebted to the plaintiff? Answer: $174.65 and interest."

Judgment on the verdict for plaintiff, from which the defendant, L. George, appeals, assigning errors.

*Leon G. Stevens for plaintiff.*
*W. P. Aycock and Winfield H. Lyon for defendant George.*

STACY, C. J., the issue of tenancy and holding over was disposed of by the justice of the peace. *Perry v. Perry,* 190 N. C., 125, 129

S. E., 147; *Shelton v. Clinard,* 187 N. C., 664, 122 S. E., 477; *Carnegie v. Perkins,* 191 N. C., 412, 131 S. E., 750.

The record shows that in April, 1929, plaintiff's agent, G. T. Powell, rented the store in question to L. George at a rental of $75.00 per month, but for no special length of time. Three or four months thereafter the defendant George saw the said Powell and told him that he had paid the rent on the building for the first month and one-half, but that he no longer had any interest in the "City Market," an alleged partnership. The defendant, John McCall, continued to pay rent on the building up to 1 January, 1930. The trial court held that the notice given by George to Powell was not sufficient to relieve him from liability for subsequently accruing rent. In this, we think, there is error. *Furniture Co., v. Bussell,* 171 N. C., 474, 88 S. E., 484; *Straus v. Sparrow,* 148 N. C., 309, 62 S. E., 308. Such notice was, at least, sufficient to put the plaintiff on inquiry, and this carries with it a presumption of notice of all that a reasonable investigation would have disclosed. *R. R. v. Comrs.,* 188 N. C., 265, 124 S. E., 560; *Mills v. Kemp,* 196 N. C., 309, 145 S. E., 557. A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests. *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949.

The appealing defendant is entitled to have the matter submitted to another jury.

New trial.