A. W. DRINKWATER v. WESTERN UNION TELEGRAPH COMPANY.

(Filed 22 February, 1933.)

**1. Limitation of Actions E c—**

Where the statute of limitations is properly pleaded the burden is on plaintiff to show that the action is not barred.

**2. Limitation of Actions B g—Identity of "new action" and original action may not be shown by parol.**

Parol evidence is not competent to show the identity of a "new action" commenced after nonsuit and the original action, and where no complaint is filed in the original action, and the statute of limitations is properly pleaded in the "new action" the "new action" will be held barred when it is not commenced within the time allowed.

APPEAL by defendant from *Moore, Special Judge,* at August Special Term, 1932, of DARE.

Civil action to recover damages for error in transmission of an interstate telegram filed by plaintiff with defendant on 20 March, 1928.

This action was instituted 8 April, 1931. The defendant pleaded the three years statute of limitations. C. S., 441. To repel this plea of the statute, the plaintiff offered evidence tending to show that on 9 February, 1931, he instituted suit against the defendant in the Recorder's Court of Dare County; that on 17 March, 1931, judgment of nonsuit was entered therein; and that the costs of said action were paid prior to the institution of the present suit. It does not appear that complaint was filed in the action instituted in the Recorder's Court of Dare County.

Upon issues joined, there was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*Worth & Horner for plaintiff.*
*Ehringhaus & Hall for defendant.*

STACY, C. J., after stating the case: It is provided by C. S., 441, that an action to recover on a contract, obligation or liability arising out of contract, express or implied, except those mentioned in preceding sections, shall be commenced within three years from the date of the accrual of the cause of action. *Welfare v. Thompson,* 83 N. C., 276. If not brought within this time, upon the plea of the statute by the defendant, such right of action is deemed to be barred. *Trust Co. v. Clifton,* 203 N. C., 483. *High Point v. Clinard, ante,* 149.

The defendant having pleaded the statute of limitations, the burden was on the plaintiff to show that his suit was commenced within three years from the time of the accrual of the cause of action or that otherwise it was not barred. *Rankin v. Oates,* 183 N. C., 517, 112 S. E., 32. This has been the prevailing rule with us relative to the burden of proof where the statute of limitations is properly pleaded. *Marks v. McLeod,* 203 N. C., 257, 165 S. E., 693; *Tillery v. Lumber Co.,* 172 N. C., 296, 90 S. E., 196.

Admittedly, the plaintiff's right of action accrued 20 March, 1928. The present suit was instituted 8 April, 1931. This was too late, unless the plaintiff has otherwise saved himself from the running of the statute. To meet this situation, plaintiff seeks to avail himself of the provisions of C. S., 415, which authorizes a fresh action, after nonsuit, for the same cause, at any time within one year, by showing that within the statutory period suit was commenced in the Recorder's Court of Dare County, judgment of nonsuit entered therein, and the costs of the original action paid before the commencement of the present suit.

But it does not appear that the "new action" is to enforce the same cause of action intended to be set up in the "original action," as no complaint was filed therein. *Loan Co. v. Warren, ante,* 50. The identity of the causes may not be shown by parol. *Motsinger v. Hauser,* 195 N. C., 483, 142 S. E., 589. Hence, judgment of nonsuit should have been entered.

Reversed.