B. F. HARGETT v. GEORGE S. LEE, Jr., ET AL.

(Filed 23 May, 1934.)

**1. Appeal and Error B b—**

An appeal will be determined in accordance with the theory of trial in the lower court.

**2. Limitation of Actions A c—**

An action to avoid an instrument on the ground of fraud is barred after the elapse of three years from the accrual of the cause of action. C. S., 441(9).

**3. Limitation of Actions B b—Action based on fraud accrues when facts are discovered or should have been discovered by due diligence.**

An action to avoid an instrument for fraud accrues from the date the facts constituting the fraud are discovered, or the date they should have been discovered by due diligence, and after notice sufficient to put a reasonable man upon inquiry, plaintiff is chargeable with knowledge of all facts which a reasonable inquiry would have discovered, and where the evidence clearly shows that plaintiff, more than three years prior to instituting the action, had information of the facts constituting the fraud or notice sufficient to put him upon inquiry which would have discovered the facts, the motion of nonsuit of defendants pleading the statute is properly allowed.

**4. Appeal and Error A f: Judgments F f—Appellants held entitled to appeal, and judgment in conflict with prior judgment in their favor held error.**

This action was instituted to avoid plaintiff's deed for fraud. The grantee in the deed did not plead the statute of limitations, but other defendants, the trustee and *cestui que trust* in the grantee's deed of trust did plead the statute of limitations, and as to them a nonsuit was entered, the cause of action being barred by C. S., 441(9). Thereafter, upon notice to the trustee and *cestui que trust*, judgment was entered in plaintiff's favor against the grantee in the deed declaring plaintiff the owner of the lands in fee. From this judgment the trustee and *cestui que trust* appealed to the Supreme Court: *Held*, the appealing defendants were not appealing from the judgment of nonsuit in their favor, but from the judgment upon the verdict which adversely affected their interest, and under the facts of the case they had the right to appeal, C. S., 632, and the judgment upon the verdict being in conflict with the judgment of nonsuit, the judgment upon the verdict to the prejudice of the appealing defendants *is held* erroneous.

APPEALS by plaintiff and defendants from *Harding, J.*, at November Term, 1933, of MECKLENBURG.

Civil action to set aside contract and lease and deed for fraud, and to remove cloud upon plaintiff's title.

The record discloses:

1. That on 16 May, 1924, a contract to purchase or option to buy and lease land in Mecklenburg County appears to have been executed by plaintiff to defendants, L. S. Fowler and George S. Lee, Jr. It is alleged that this paper-writing, as it appears of record, is a forgery, or was secured by fraud, and is therefore void, one paper having been surreptitiously substituted for another.

2. It is further alleged that on 7 October, 1924, the said Fowler and Lee registered what purports to be a deed from plaintiff to the two defendants for the 414 acres of land in question.

3. Thereafter, the two defendants conveyed to A. R. Deese 190 acres of said land, which was later encumbered by two deeds of trust, executed by Deese and wife, one of which was to the First National Bank of Durham, trustee for the North Carolina Joint Stock Land Bank of Durham.

4. That the balance of said tract has been encumbered by two deeds of trust executed by Fowler and Lee and their wives.

5. That a judgment was taken against A. R. Deese by the Bank of Union, which purports to be a lien against the 190 acres of said land.

6. That Fowler has conveyed by deed all his alleged interest in the remaining land to Lee.

7. This action was instituted 2 April, 1930, to remove all these instruments as cloud upon plaintiff's title, it being alleged that the original contract and deed signed by plaintiff were procured by fraud.

8. Upon denial of the allegations in the complaint and pleas of the three-year statute of limitations, there was a judgment of nonsuit entered at the close of plaintiff's evidence as to all the defendants except L. S. Fowler, who did not plead the statute of limitations. Formal judgment of nonsuit appears in the record.

9. Issues were thereupon submitted to the jury and answered in favor of the plaintiff.

10. The plaintiff, after verdict, moved to amend the complaint to conform to the evidence by adding at the end of paragraph 2, the following:

"And defendants, Geo. S. Lee, Jr., and L. S. Fowler, in transacting with plaintiff the business matters mentioned in the complaint were acting as partners and trading under the firm name of L. S. Fowler and Company."

Motion allowed by the court in its discretion.

11. Before signing judgment, the court requested defendants in whose favor judgment of nonsuit had been entered to appear in court, which they did and objected to the judgment tendered by plaintiff, as it injuriously affects their interests.

12. Upon motion of plaintiff for judgment on the verdict, the court found that the judgment of nonsuit previously signed in the case was improvidently entered in part, in that, A. R. Deese and Arpie Deese were included therein when they had made no motion to nonsuit, not being represented by counsel who lodged the motion. The judgment of nonsuit was accordingly reformed to exclude A. R. Deese and Arpie Deese from its operation.

13. Judgment was thereupon entered declaring the plaintiff to be the owner in fee of the land in question, and ordering that an accounting be had between the plaintiff and L. S. Fowler, surviving partner of L. S. Fowler and Company, and taxing L. S. Fowler individually and as surviving partner of the firm of L. S. Fowler and Company and A. R. Deese and Arpie Deese with the costs of the action.

The North Carolina Joint Stock Land Bank of Durham and the receiver of the First National Bank of Durham, trustee, objected to the judgment tendered by plaintiff, and gave notice of appeal therefrom to the Supreme Court.

The plaintiff appeals from the judgment of nonsuit entered at the close of his evidence.

*H. L. Taylor, J. C. Newell and Marvin L. Ritch for plaintiff.*

*Vann & Milliken for defendants North Carolina Joint Stock Land Bank of Durham and receiver of First National Bank of Durham, trustee.*

STACY, C. J. The argument submitted by plaintiff on his appeal from the judgment of nonsuit treats the case as one in ejectment, but this is not the theory upon which it was tried in the court below. An appeal *ex necessitate* follows the theory of the trial. *Walker v. Burt,* 182 N. C., 325, 109 S. E., 43; *Holland v. Dulin, ante,* 211; *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339.

In an action to avoid an instrument on the ground of fraud, *non est factum,* it is provided by C. S., 441, subsection 9, that suit shall be commenced within three years after the cause of action accrues; that is within three years after the discovery by the aggrieved party of the facts constituting the fraud, or when such facts, in the exercise of proper diligence, should have been discovered. *Taylor v. Edmunds,* 176 N. C., 325, 97 S. E., 42; *Little v. Bank,* 187 N. C., 1, 121 S. E., 185.

It clearly appears that plaintiff had information of the facts constituting the alleged fraud as early as January, 1925, certainly enough to put him on inquiry; and the rule is that such notice carries with it a presumption of knowledge of all a reasonable investigation would have disclosed. *R. R. v. Comrs.,* 188 N. C., 265, 124 S. E., 560; *Mills v. Kemp,* 196 N. C., 309, 145 S. E., 557. A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests. *Austin v. George,* 201 N. C., 380, 160 S. E., 364; *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949; *Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348; *Sanderlin v. Cross,* 172 N. C., 234, 90 S. E., 213.

The action, therefore, was barred at the time of its institution; and judgment of nonsuit was properly entered in favor of the defendants pleading the statute of limitations and demurring to the evidence. *Drinkwater v. Tel. Co.,* 204 N. C., 224, 168 S. E., 410; *Tillery v. Lbr. Co.,* 172 N. C., 296, 90 S. E., 196.

Notwithstanding the judgment of nonsuit entered at the close of plaintiff's evidence in favor of the defendants pleading the statute of limitations and demurring to the evidence, the plaintiff was allowed to amend his complaint, after verdict (C. S., 547), and judgment was rendered thereon adversely affecting the rights of the appealing defendants.

Perhaps it is enough to say the judgment of nonsuit is in conflict with the judgment on the verdict in so far as the latter affects the rights of the appealing defendants. But plaintiff contends the defendants are in no position to appeal in the case (*Watts v. Lefler,* 194 N. C., 671, 140 S. E., 435), and, at the same time, asserts the final judgment is binding upon them. *Wooten v. Cunningham,* 171 N. C., 123, 88 S. E., 1.

As humorously stated on the argument, the judgment of nonsuit only provided that the appealing defendants "go without day," whereas, in view of plaintiff's subsequent activities, they should have asked that they "go without night also."

Ordinarily, a defendant who asks for no affirmative relief, is not the "party aggrieved" by a judgment of nonsuit within the meaning of C. S., 632. *Guy v. Ins. Co., ante,* 118. But it is not the judgment of nonsuit from which the defendants appeal. They appeal from the final judgment. Nor is this an ordinary case from a procedural standpoint. 3 C. J., 643.

There was error in the final judgment to the prejudice of the appealing defendants.

On plaintiff's appeal, affirmed.

On defendants' appeal, error.