MRS. MAE H. AMMONS, ADMINISTRATRIX OF THE ESTATE OF W. N. AMMONS, DECEASED, v. ADAM FISHER, JR., AND M. A. WATKINS.

(Filed 20 November, 1935.)

**1. Trial F c—Held: Plaintiff waived trial of issue of negligence of one defendant by tendering issues involving solely the negligence of the other defendant.**

Plaintiff brought suit against two defendants as joint tort-feasors, alleging that her intestate was struck and knocked down by an automobile driven by one of defendants, and run over by an automobile driven by the other defendant as he lay injured on the street as the result of the first accident, that both cars were negligently operated, and that her intestate died as the result of the injuries inflicted by the concurrent negligence of defendants. One defendant did not file answer; and the other defendant filed answer alleging contributory negligence. Plaintiff tendered issues of negligence of answering defendant and damages, and the court added the issue of contributory negligence arising upon the pleading of the answering defendant. *Held:* Plaintiff elected to try her case on the theory of the negligence of the answering defendant, and her exception to the issues submitted and the charge of the court for their failure to present the question of the negligence of the defendant who failed to answer and the alleged concurrent negligence of defendants cannot be sustained, plaintiff having waived her right to have the court submit the issues arising on the pleadings by the tender of issues involving solely the negligence of the answering defendant. N. C. Code, 584.

**2. Appeal and Error B b—**

An appeal will be determined in accordance with the theory of trial in the lower court.

APPEAL by plaintiff from *Harding, J.,* and a jury, at Special June Term, 1935, of MECKLENBURG. No error.

This was an action for actionable negligence, brought by plaintiff against defendants as joint tort-feasors, alleging damage. W. N. Ammons, about 11:00 or 11:30 at night on or about 30 March, 1934, was fatally injured (and died in April—4 days later) about the middle of the block between 1st and 2d streets, on South Tryon Street, in the city of Charlotte, N. C., while crossing the street going from the west to the east side thereof, by cars alleged to have been driven by defendants.

The plaintiff in her complaint alleges that her intestate was crossing the street "in a careful, prudent, and lawful manner, when suddenly and without any warning whatsoever he was struck and knocked up into the air and over the radiator and various parts of a car then being driven and operated and owned by the defendant M. A. Watkins; that plaintiff's intestate was thrown and knocked down upon the said street and pavement thereof, with great violence, and was immediately and concurrently run completely over by a car which was owned, driven, and operated by the defendant Adam Fisher, Jr."

The plaintiff further alleges: "That by reason of the wanton, reckless, malicious negligence of each of the defendants herein named, acting jointly and concurrently, the plaintiff was fatally injured, and as a result of his injuries died on the aforesaid date; that the said car which was being driven by the defendant M. A. Watkins was just ahead and in front of the car which was being driven by his codefendant and joint tort-feasor, Adam Fisher, Jr., and that both of said defendants, by their wrong and unlawful acts and negligence, caused and produced the death of the plaintiff's intestate, and that said negligence and unlawful acts, jointly and concurrently, solely and proximately, caused the death of the plaintiff's intestate, as aforesaid."

The defendant M. A. Watkins filed no answer. The defendant Adam Fisher, Jr., denied the material allegations of the complaint and alleged "that this defendant is informed and believes that the plaintiff's intestate was struck by an automobile other than his own, and fell in the street in the line of traffic passing along at the time and place referred to in said paragraph, but this defendant has no knowledge sufficient to form a belief as to the truth of the allegations in reference to manner in which he was struck, and therefore denies the same, and specifically denies the allegations contained therein referring to this defendant." He set up the plea of contributory negligence, and, for further answer,

avers: "That if plaintiff's intestate's death was due to or proximately caused by any negligence other than his own, which is expressly denied, his said death was solely due to and proximately caused by the negligence of the codefendant M. A. Watkins, in that the said defendant failed to keep a proper lookout while driving his automobile at an excessive and unlawful speed, and in further failing to keep his automobile under proper control under circumstances then and there apparent to a reasonably prudent man. This defendant further alleges that he is informed and believes that plaintiff's intestate had sustained fatal injuries before being run over by the automobile of the defendant Adam Fisher, Jr."

On the answer to the issues submitted to the jury, the following judgment was rendered in the court below:

"This cause coming on to be heard and being heard before his Honor, W. F. Harding, judge presiding and holding the Special June Term of Superior Court of Mecklenburg County, and a jury, and it appearing to the court upon the record that the defendant M. A. Watkins failed to file an answer in said cause, and that no action was taken by the plaintiff upon the failure of said defendant to file an answer, and the plaintiff prosecuted his action against the defendant Adam Fisher, Jr., and the jury, upon issues joined and submitted, answered said issues as follows:

" '1. Was the plaintiff's intestate's, W. N. Ammons', death caused by the negligence of the defendant Adam Fisher, Jr., as alleged? Answer: "No."

" '2. Did the plaintiff's intestate, W. N. Ammons, by his own negligence contribute to his injury and death? Answer: ........ ....

" '3. What damages, if any, is the plaintiff entitled to recover of the defendant Adam Fisher, Jr.? Answer: ........ ...'

"Wherefore, it is ordered, adjudged, and decreed that plaintiff take nothing by her action against the defendant Adam Fisher, Jr., and that the plaintiff and her sureties be taxed with the costs. This 6 July, 1935.                    (Signed)    WM. F. HARDING, Judge Presiding."

The plaintiff made numerous exceptions and assignments of error and appealed to the Supreme Court.

*H. L. Strickland and J. M. Scarborough for plaintiff.*
*J. Lawrence Jones and Hiram P. Whitacre for defendant.*

CLARKSON, J. We do not think any of the exceptions or assignments of error made by plaintiff can be sustained. We have read with care the charge of the court below and think the law applicable to the facts was correctly stated. The contentions of both sides were fairly and accurately set forth. The record discloses that the defendant M. A. Watkins filed no answer. The case was tried solely on the liability of Adam Fisher, Jr.

The record also discloses that plaintiff tendered the following issues:

"(1) Was the plaintiff's intestate's, W. N. Ammons', death caused by the negligence of the defendant Adam Fisher, Jr., as alleged? (2) What amount, if any, is the plaintiff entitled to recover of the defendant Adam Fisher, Jr.?"

The plea of contributory negligence was set up in the answer of Fisher, and the court below added the issue.

The plaintiff, if she desired to try the liability of M. A. Watkins, under the facts and circumstances of this case, should have signified her intention to do so—but, to the contrary, she submitted an issue solely as to the liability of Fisher. At no time did plaintiff signify that she wanted the liability of Watkins determined in this action, but alone of Fisher. At no time did the plaintiff tender any issue as to Watkins. The plaintiff excepted to the issues tendered, but that was to the contributory negligence issue, as plaintiff herself tendered the other two issues, as to the negligence of Fisher and damages.

N. C. Code, 1935 (Michie), section 584, is as follows: "Issues shall be framed in concise and direct terms, and prolixity and confusion must be avoided by not having too many issues. The issues arising upon the pleadings, material to be tried, must be made up by the attorneys appearing in the action, or by the judge presiding, and reduced to writing, before or during the trial." Under this section, plaintiff made up the issue alone as to the liability of Fisher.

When a case is tried in the court below on one theory, it cannot be heard in the Supreme Court on another and different theory. It would be unfair to the trial judge. If the plaintiff desired the case tried as to Watkins, how easily she could have done so by presenting an issue; but, on the contrary, the court below was no doubt misled, as the plaintiff tendered the single issue of negligence as to Fisher, and the case was tried solely on that theory.

In *Apostle v. Ins. Co., ante,* 95 (98), is the following: "No other question is presented by this appeal, for it is well settled, as said in *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498, that an appeal *ex necessitate* follows the theory of the trial. See *Shipp v. Stage Lines,* 192 N. C., 475, 135 S. E., 339. This principle is enforced by this Court, because of the constitutional limitation of its jurisdiction as an appellate court. Const. of N. C., Art. IV, sec. 8." *Wilson v. Hood, Comr., ante,* 200; *Pulverizer Co. v. Jennings, ante,* 234; *Coral Gables, Inc., v. Ayres, ante,* 426.

Under the facts and circumstances of the present case, from the position taken by plaintiff in tendering only the issue of negligence in regard to Fisher, it was no error in the court below in not tendering an issue as to Watkins. The plaintiff did not tender an issue as to the negligence

of Watkins, but excepted to the issues tendered.   This is not sufficient.
*Shuford v. Brown,* 201 N. C., 17 (25).   Nor did plaintiff in the court
below request any prayers of instruction on the questions now com-
plained of—it is now too late.   As a rule, the court must submit the
issue arising on the pleadings (N. C. Code, 1935 [Michie], 580-4), but
plaintiff waived this by tendering only one issue as to Fisher, and the
case was tried out on that theory.

On the whole record, including the charge, we see no prejudicial or
reversible error.   In the judgment below there is

No error.