S. C. BLANKENSHIP ET AL. v. CLARENCE M. ENGLISH ET AL.

(Filed 30 September, 1942.)

1. Equity § 2—

　A party having notice must exercise ordinary care to ascertain the facts, and if he fails to investigate, when put upon inquiry, he is chargeable with all knowledge he would have acquired, had he made the necessary effort to learn the truth.

2. Fraud §§ 7, 11: Limitation of Actions §§ 2e, 4—

　Where plaintiff acquired title to real estate, subject to a contract to cut timber within 3 years, thinking the time for cutting was 18 months, and failed to examine the record or to bring suit for wrongful cutting until more than three years after being told that the time was 3 years, judgment of nonsuit is properly allowed. C. S., 441 (9).

WINBORNE. J., took no part in the consideration or decision of this case.

APPEAL by plaintiffs from *Blackstock, Special Judge,* January Term, 1942, of YANCEY.

　Civil action to recover for alleged wrongful cutting and removal of timber.

　By the terms of a consent judgment entered at the January Term, 1936, in the Superior Court of Yancey County in the case of "E. F. Watson, Executor, *et al. v.* S. C. Blankenship *et al.,*" it was provided that deed should be made to the plaintiffs herein for the 1,000-acre tract of land in Prices Creek Township, Yancey County, known as the S. C. Blankenship lands, free and clear of encumbrances "excepting a contract . . . for the timber on said lands, which contract states the time . . . to remove said timber, but said time stated in the contract shall begin to run from January 22, 1936."

　It was represented to the plaintiffs, so they allege, that the time for cutting the timber, as specified in the above contract, was 18 months. The timber contract was registered 6 October, 1936, and provides for three years within which to cut the timber. This action was instituted 26 July, 1941, to recover for the timber cut after the expiration of 18 months. The defendants plead the 3-year statute of limitations.

　Plaintiff testified: "I never knew they had a 3-year contract until I saw it on the record," the last of May, 1939. (Cross-examination) "I was present when Mr. Fouts dictated the consent judgment . . . I reckon they told me within a week after July 22, 1937, they had a 3-year contract, or had 3 years to cut the timber in. . . . I knew then that they said the contract called for 3 years."

BLANKENSHIP v. ENGLISH.

From judgment of nonsuit entered at the close of plaintiff's evidence, they appeal, assigning error.

*J. W. Haynes, W. K. McLean, and Don C. Young* for plaintiffs, appellants.
*Anglin & Randolph* for defendants, appellees.

STACY, C. J. Is the plaintiffs' cause of action, grounded on fraud, barred by the three-year statute of limitations? The trial court answered in the affirmative, and we cannot say there was error in the ruling.

It is provided by C. S., 441, subsection 9, that in an action to avoid an instrument on the ground of fraud the suit shall be commenced within three years after the cause of action accrues, *i.e.*, within three years after the discovery by the aggrieved party of the facts constituting fraud, or when such facts, in the exercise of proper diligence, should have been discovered. *Hargett v. Lee,* 206 N. C., 536, 174 S. E., 498.

It clearly appears that plaintiffs had information of the facts constituting the alleged fraud as early as "within a week after July 22, 1937," certainly enough to put them on inquiry; and the rule is that such notice carries with it a presumption of knowledge of all a reasonable investigation would have disclosed. *Wynn v. Grant,* 166 N. C., 39, 81 S. E., 949; *Collins v. Davis,* 132 N. C., 106, 43 S. E., 579. A party having notice must exercise ordinary care to ascertain the facts, and if he fail to investigate when put upon inquiry, he is chargeable with all the knowledge he would have acquired, had he made the necessary effort to learn the truth of the matters affecting his interests. *Austin v. George,* 201 N. C., 380, 160 S. E., 364; *Wynn v. Grant, supra; Ewbank v. Lyman,* 170 N. C., 505, 87 S. E., 348; *Sanderlin v. Cross,* 172 N. C., 234, 90 S. E., 213.

The action, therefore, was barred at the time of its institution; and judgment of nonsuit was properly entered in favor of the defendants pleading the statute of limitations and demurring to the evidence. *Drinkwater v. Tel. Co.,* 204 N. C., 224, 168 S. E., 410; *Tillery v. Lumber Co.,* 172 N. C., 296, 90 S. E., 196.

Affirmed.

WINBORNE, J., took no part in the consideration or decision of this case.