KATE  P.  JOHNSON et al v EAST  CAROLINA  LAND  AND RAILWAY COMPANY.

*Deed—Parol   Evidence — Estoppel — Agency — Acts   of Agent Binding a Principal.*

1. Although, where an agreement has been reduced to writing, parol evidence is not admissible to contradict, add to or explain it, yet when a deed authorized defendant railroad company to take so much of the land as was necessary for its roadway, &c., parol evidence is admissible to show that the defendant agreed to pay, in addition to the consideration expressed in the deed, the value of any land taken or used in excess of a strip twenty feet wide.

2. Where a grantee accepts and acts under a deed, availing himself of its benefits, he cannot be heard to say that the person who negotiated for the land and procured the execution of the deed, was not its agent to make an agreement as to the compensation to be paid the grantor.

3. The right or power to purchase implies the right or power to pay or agree to pay for the thing purchased.

ACTION for damages, tried before *Brown, J.,* at Fall Term, 1894, of CRAVEN Superior Court. The complaint alleged that in October, 1890, the plaintiff executed a deed to the defendant for a right of way across certain lands in Craven County, the deed stating as the consideration one dollar and the benefit to accrue to plaintiffs from the building of the road across their land. The deed, after conveying the right to use a strip of land not exceeding 125 feet provided as follows: "Except that the right of way and other privileges granted as above shall cover and include on the home plantation adjoining the city of Newbern only an amount of land sufficient for the use of the roadway of the said railway company together with its ditches, bridges and other improvements and a sufficiency of said land to repair and improve the same. The complaint further alleged:

"(3) That this was understood and agreed by the defendant, through its lawful agent, at the time said deed was executed, that all the land in the tract described in said deed as the home plantation, over and above a strip twenty feet wide, which the defendant might select, appropriate and occupy for the purposes expressed in said deed, should be paid for at its market value.

"(4) That the defendant has selected, appropriated and intends to use and occupy for the purposes expressed in said deed, on said home plantation, a strip of land fifty feet wide, and nine thousand seven hundred feet long, as plaintiffs are informed and believe.

&ast;        &ast;        &ast;        &ast;        &ast;        &ast;

"(6) That the excess of said land so appropriated, selected and to be used and occupied by the defendant as

aforesaid over and above a strip twenty feet wide, amounts to six 68-100 acres.

"(7) That the said excess of said land is reasonably worth the sum of four hundred and twenty dollars."

The defendant denied the alleged agreement and averred "that it was the purpose and intent of the plaintiff in said deed to convey to the defendants so much land as it might reasonably need and require for the purposes for which said lands and franchise were conveyed and that the said amount of land is not more than is sufficient for the use of the railway of the defendant company, together with its ditches, bridges and other improvements, and to repair and improve the same, and that the said deed conveys and was intended to convey to the defendants all the lands it has appropriated, as alleged in this article of the complaint for the purposes aforesaid."

And for a further defence the defendant said :

"(1) That the said deed was executed and delivered to the defendant for a full and fair consideration, without fraud or misrepresentation on the part of the defendant, and with a full understanding and knowledge of all its terms and provisions, and that the plaintiffs are estopped from denying the terms and provisions thereof, and that they fail in their said complaint to state any equitable ground for the interference of the Court to abrogate, alter, change, modify or in any way reform or correct the same."

Wherefore it demands judgment—

I. That this action be dismissed and that the defendant go without day and recover its costs unjustly expended in their behalf.

II. For such other and further relief as it may be entitled to recover from the Court.

The issues submitted to the jury and the responses were as follows :

1. At the time of the execution of the deed from the plaintiffs to the defendant, was it agreed between plaintiffs and Mr. Foy, the defendants' agent, that the defendant company should pay the value of all the land taken by the defendant through the home place in excess of 20 feet as alleged? Answer, " Yes."

2. What is the excess of land above 20 feet taken by defendant through said home place? Answer, " 6 68-100 acres."

3. What was the value of said excess? Answer, " $420."

The defendant in apt time objected to the competency of the testimony as to the agreement alleged to have been made by Foy to pay for the value of the land taken in excess of 20 feet, on the following grounds: 1st, because it attempted to add to, alter and explain by parol the deed of plaintiff; 2d, because it was incompetent under the Statute of Frauds ; 3d, because there was no evidence that the agent Foy had any authority to make any contract except that set out in the deed. The objections were overruled and defendants excepted.

The defendant asked the Court to instruct the jury that the burden was upon the plaintiff, and as she sought by parol evidence to change the consideration expressed in her deed, and to modify the contract therein set out, in order to warrant the jury in finding a verdict against the recitals therein, it was not sufficient that the evidence in her favor should preponderate simply, but it must be clear, strong, convincing.

Upon this the Court instructed the jury that as to the second and third issues there was no controversy, and the answers to these had been agreed upon.

As to the first issue, that this action was not brought for the purpose of correcting any alleged mistake in the phra-

seology of the deed, and such was not its purpose, but that its purpose was to recover value of the excess, 6 and 68-100 acres of land occupied by the defendant; that the receipt contained in the deed, or the recital thereof as to the consideration was not contractual in its character, and that the true consideration might be shown by parol evidence, and if it had not been paid it might be recovered; that the burden of proof was on the plaintiff upon the first issue to show to the satisfaction of the jury by a preponderance of evidence that at the time of the execution of the deed and its delivery to Foy, he, acting for the company, agreed to pay the value of all land which should be taken by the defendant through the home place in excess of 20 feet, and that the plaintiff had so shown, the jury should answer the first issue "Yes;" if she had not, the jury should answer it „No."

To this part of the charge of the Court, the defendant excepted.

The defendant further asked the Court to charge that there was no evidence that Foy was the agent of the defendant to procure the deed, or that he had authority to make any such agreement.

This was declined by the Court, and excepted to by the defendant.

Defendant moved for a new trial, and assigned as errors:

First, That the Court erred in admitting the testimony of the witness Rhem, as duly excepted to.

Second, For that there was no evidence that Foy was the agent of the defendant, or, if he was, that he had authority to make any contract other than that set out in the deed, and that there was no evidence that the defendant had ratified the alleged parol agreement if made.

Third, For error in refusing to give the instructions prayed for by the defendant.

Fourthly, For error in the charge.

There was judgment for the plaintiffs and defendant appealed.

*Mr. W. W. Clark*, for plaintiffs.

*Messrs. F. M. Simmons* and *Shepherd & Busbee*, for defendants (appellants).

FAIRCLOTH, C. J.:  When an agreement is reduced to writing, the rule of evidence that parol testimony is not admissible to contradict, add to, or explain it, is too well established to require further argument, and whether the law requires it to be in writing or not, still the written memorial is the surest evidence.

The deed of plaintiff to the defendant is uncertain as to the amount of land on the home plantation conveyed to defendant, but it allows that matter to be made certain by authorizing defendant to take an amount of land sufficient for the use of its roadway, ditches, &c.    This sufficiency can not be determined by the terms of the deed and could, if the parties were not agreed, only be done by evidence *aliunde.*

The plaintiff offers to prove that at the time the deed was made with this indefinite provision, it was agreed by parol that, in addition to the main consideration expressed, the defendant should pay for the excess over twenty feet, whenever so used.   This is denied, but found to be so by the jury upon the testimony of witnesses.   We cannot see that this evidence violates the rule of evidence above referred to.   It is in furtherance of an agreement, not expressed in the deed, but arising naturally out of the uncertain feature of the deed already pointed out and as a part of the main transaction.

The witness Foy says he was assisting the defendant gra-

tuitously, and when it was decided that the road was to come, he went to plaintiff's agent, Rhem, to get the right of way and insisted on it with more than twenty feet, handed him the deed to be signed by him and the plaintiff, and saw the plaintiff and told her she must give the road all the land necessary through the home plantation, that he had the deed prepared and she signed it and handed it to him, that he had it recorded and sent it to the defendant at Wilmington, and says he did not agree to pay anything for the excess, and that he had no power to agree to pay the plaintiff one cent, and was afterwards a director in the defendant company. Here was certainly a good deal of active and gratuitous work for some one. The defendant has accepted this deed and by building its road on the home plantation has availed itself of the contract, whatever it was, and of the benefit thereof, and cannot now be heard to say that Foy was not its agent. The right or power to purchase implies the right or power to pay or to agree to pay. We see no error and the judgment is affirmed.

Affirmed.