A. D. SINCLAIR v. E. P. TEAL et al.

(Filed 1 November, 1911.)

**Deeds and Conveyances—Limitation of Actions—Fraud or Mistake —Executors and Administrators.**

In an action involving title to lands, the defendant claimed by successive conveyances from a devisee to whom the lands had been devised by her father as 100 acres to be cut off in a certain manner from given lines; and plaintiff, who was execu-

tor of the devisor, claims 8 acres thereof adjoining his own land as being in excess of the 100 acres devised and which had been surveyed and conveyed under metes and bounds in his absence. The defendant pleaded the twenty, ten, seven, and three years statutes of limitations, which the plaintiff resisted on the ground of mistake (Revisal, 395, 6) : *Held*, (1) if the plaintiff's defenses were available against the devisee, it were not so against the subsequent grantees; (2) the statute runs from the discovery of the fraud, "or when. it should have been discovered in the exercise of ordinary care"; and as it was the duty of plaintiff, as executor, to have laid off the land to the devisee and put her in possession, and as he could, by a simple calculation from the deed, have discovered that the description embraced 108 acres, and as for twenty years the various owners of the land had cultivated up to the boundaries, the statute had become a bar to the action.

Appeal by plaintiff from *Justice, J.*, at April Term, 1911, of Anson.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Fred J. Coxe for plaintiff.*
*Robinson & Caudle for defendant.*

Clark, C. J.   Llewellyn Sinclair by his will, probated 2 July, 1889, devised to his daughter, Mary Jarman, 100 acres of land "commencing in the old line at a corner of a 25 acres, my corner and Lewis Rickett's land, where it joins my old land, and runs near north, so as to make 100 acres west of said line." The 100 acres were surveyed off for her soon after the probate of the will, said survey being made by the county surveyor at the instance of Mary Jarman, without the plaintiff, the executor of the will, A. D. Sinclair, being present.   The said executor, who was devisee of the land adjoining, found out soon thereafter that said survey had been made, and he and the said Mary Jarman each treated said survey as containing only 100 acres, as devised in the will, and from said date said Mary Jarman, and those claiming under her, and the said A. D. Sinclair, were each in possession of their respective land on each side of said line, under said survey, under known and visible lines and boundaries, each cultivating up to said line.

On 2 March, 1893, Mary Jarman and husband mortgaged the land to one Covington, describing the same by metes and bounds as had been fully set out in the survey made by the county surveyor. The land was sold under the mortgage and the purchaser received the deed containing said description bearing date 11 October, 1894. The purchaser went into possession under said deed, under known and visible lines and boundaries, and remained in possession of the same till 18 November, 1905, when he for value conveyed the same to the defendant E. P. Teal, describing the said metes and bounds, who has remained in possession under known and visible lines and boundaries up to this date. Another survey was made in the latter part of the year 1907, when it was discovered that the tract contained 108 acres, and this action was commenced 27 October, 1909, being less than three years prior to the beginning of this action, to cut off and recover 8 acres.

The defendant pleads the twenty-year statute, the ten-year statute, the seven-year statute, and the three-year statute. It would seem that he was protected by each one of them; but the plaintiff claims that under Revisal, 395 (6), he could maintain his action on the ground of mistake, it having been brought within three years after the actual discovery of the mistake in the acreage. If this had been true as between the plaintiff and Mary Jarman, it would not have deprived the defendant of the protection of the other statutes of limitations that are pleaded. But even between the original parties the three-year statute runs from the time the fraud or mistake was discovered, "or should have been discovered in the exercise of ordinary care." *Peacock v. Barnes,* 142 N. C., 219, and cases there cited. It was the duty of the plaintiff as executor to lay off said land to Mary Jarman, the devisee. He did not do so, but permitted her to have it surveyed and enter into possession. It was therefore his duty to ascertain if the quantity was correct. Indeed, he could have ascertained that fact by the simple process of taking the metes and bounds as reported by the county surveyor and making a calculation therefrom. He says those metes and bounds were repeated in the description of the prop-

erty, in the mortgage, and in the successive conveyances down to the defendant. He recognized the line between himself and his sister and her successors in title and in possession by cultivating up to that line and permitting them to do so for more than twenty years. In *Peacock v. Barnes, supra,* the Court quotes with approval Pomeroy Eq. Jur. (3 Ed.), sec. 917, note 2, "This can only mean that the plaintiff's ignorance is not negligent; that he remains ignorant without any fault of his own; that he had not discovered the fraud or mistake and could not by any reasonable diligence have discovered it."

Upon the agreed statement of facts as above, the court properly held that the plaintiff was not entitled to recover.

Affirmed.