### STARKWEATHER & SHEPLEY v. J. O. W. GRAVELY.

(Filed 9 April, 1924.)

**Principal and Agent—Broker—Insurance—Ratification.**

> Where the broker, unauthorized by the owner, has paid an extra war rate of insurance for water foreign transportation of a shipment of tobacco, any act or conduct of the owner after the safe transportation of the shipment will not be construed as a ratification of the agent's unauthorized act, so as to allow the broker a right of action to recover of the owner the extra rate the former has so paid.

APPEAL by plaintiff from *Connor, J.,* at September Term, 1923, of NASH.

Civil action, to recover the balance alleged to be due by reason of certain insurance premiums being paid by plaintiff for benefit of the defendant and at his request.

From a verdict and judgment in favor of defendant, plaintiff appeals, assigning errors.

*Battle & Winslow for plaintiff.*

*Finch & Vaughn, L. V. Bassett, and Manning & Manning for defendant.*

STACY, J. Plaintiff, a brokerage firm, specializing in marine insurance, was employed by the defendant, in August, 1918, to effect several policies of fire and marine insurance on a quantity of leaf tobacco to be

shipped from points of origin in North Carolina by rail to Tacoma, Washington, and thence by water to Shanghai, China. Defendant contends that he has paid for all the insurance authorized by him, while plaintiff contends that, on account of peculiar conditions, due to the war, additional or higher-rate insurance was necessary to protect the tobacco from loss or damage while in transit, and that this was authorized by the defendant. Plaintiff, as defendant's broker, having paid for this additional or higher-rate insurance, brings suit to collect the amount so paid for the benefit of the defendant.

Without stating the facts in detail, which are somewhat complicated and make a rather long story, the single question of law presented by the appeal arises upon plaintiff's exception to the following portion of the charge:

"I instruct you, gentlemen of the jury, that no conduct on the part of Mr. Gravely with respect to this insurance subsequent to the arrival of the tobacco at its destination, after the hazard against which the contracts of insurance had become effective had ceased to exist, could be a ratification of the contract of insurance."

Immediately following this instruction, his Honor continued: "Any conduct of his subsequent to that time, however, would be evidence upon the contention of the plaintiff that Mr. Gravely had either authorized the making of the contracts or ratified the making of them by his agent, the plaintiff."

It will be observed that the insurance company is not a party to this suit; hence it is unnecessary for us to say in the present action whether or not, as against the insurance company, a property owner may, after loss and before the insurer has withdrawn from the contract, ratify the unauthorized act of his agent in securing insurance upon his property. The authorities are not in harmony on this point. *Nelson v. Ins. Co.,* 120 N. C., 302; *Kline Bros. & Co. v. Royal Ins. Co.,* 192 Fed., 378; *Marqusee v. Hartford Fire Ins. Co.,* 198 Fed., 475; 42 L. R. A. (N. S.), 1025, and note, where the matter is fully discussed.

As between the agent and his principal, or the broker and his customer, the question presented here, the decisions are uniform and to the effect that where the principal, with full knowledge of the facts, accepts the benefits of a contract made in his behalf, he must also bear its burdens. The substance of ratification is confirmation after conduct. 2 C. J., 467; *Bank v. Justice,* 157 N. C., p. 375; *Osborne v. Durham,* 157 N. C., 262; *Sprunt v. May,* 156 N. C., 388; *Johnson v. R. R.,* 116 N. C., 926; *Rudasill v. Falls,* 92 N. C., p. 226; *Miller v. Lumber Co.,* 66 N. C., 503; *Patton v. Brittain,* 32 N. C., 8.

As we understand the record, the case was tried upon the theory that, although the defendant may not be able to recover for his loss from the

insurance company, yet he would still be liable to the plaintiff if he, at any time, undertook to ratify what the agent had done in his behalf. This would seem to afford the plaintiff no cause for complaint. The jury found the facts as follows:

"1. Did the defendant authorize the plaintiff to effect insurance on the tobacco in question on other ships, when it was found that it could not go forward on the Mexico Maru, and agree to pay extra premiums necessary, as alleged by plaintiff? A. No.

"2. If· not, did defendant ratify plaintiff's actions in so doing? A. No."

The record presents no reversible error.

No error.