R. E. MARKS ET AL. v. KATE S. McLEOD ET AL.

(Filed 5 October, 1932.)

**1. Principal and Agent C a—Where wife ratifies husband's contract to sell by executing deed it is presumed he acted as her agent.**

Where a husband has contracted for the sale of timber growing on his wife's land and both of them later execute a deed therefor it will be presumed that he acted as her authorized agent in executing the contract.

**2. Limitation of Actions E c—Where statute is properly pleaded burden is on plaintiff to show his claim is not barred.**

Where in an action for breach of contract for the conveyance of certain timber on lands the plaintiff seeks to recover on the ground that the deed executed pursuant to the contract did not convey the full acreage agreed upon, and the defendant pleads the statute of limitations and contends that the deed conveyed the timber by metes and bounds and that the plaintiff should have discovered the alleged shortage upon delivery of the deed: *Held*, upon the proper pleading of the statute the burden was upon the plaintiff to show that his claim was not barred, and where he has failed to do so the defendant is entitled to the benefit of the statute, and where this result has been reached in the trial court by judgment of nonsuit the judgment will be affirmed on appeal.

APPEAL by plaintiffs from *Grady, J.*, at July Term, 1932, of LEE.

Civil action to recover damages for alleged breach of contract.

On 15 March, 1915, Alf. H. McLeod agreed to sell the plaintiffs all of the timber, measuring 10 inches at the butt, "located on my places in Lee County, known as the 'Old McLeod Place.'" Title to the property was at that time in Kate S. McLeod.

It is alleged that the "Old McLeod Place" consisted of two tracts of land, one containing 631 acres and the other 50 acres.

On 20 March, 1915, Alf. H. McLeod and wife, Kate S. McLeod, executed a deed to the plaintiffs for the timber on the lands mentioned in the contract of sale, describing it by metes and bounds.

9—203

It is alleged that by inadvertence, fraud or mistake, the 50-acre tract was omitted from the description in the deed.

It appeared upon the trial that the 50-acre tract was owned by Geo. B., A. H. and Alf. H. McLeod jointly at the date of the contract and deed and that Kate S. McLeod conveyed the timber thereon to D. J. Womack, after plaintiffs' grantee had been stopped from cutting the timber on said tract in July, 1917.

The defendant denied the allegation of inadvertence, fraud, or mistake, and pleaded the three years statute of limitations.

This action was instituted by issuance of summons dated 9 July, 1919.

From a judgment of nonsuit, the plaintiffs appeal.

*K. R. Hoyle* for plaintiffs.
*John B. McLeod* and *Varser, Lawrence, McIntyre & Henry* for defendant.

STACY, C. J. That Alf. H. McLeod was acting as agent of his wife in signing the contract of sale may be presumed from the subsequent ratification or execution of the deed undertaking to convey the timber in accordance with the prior agreement. *Starkweather v. Gravely,* 187 N. C., 526, 122 S. E., 297. But it is doubted whether the evidence shows the 50-acre tract was intended to be included in the contract of sale. The description in the deed is by metes and bounds, and it is not included therein. Plaintiffs say they did not know of its omission from the deed until their grantee was stopped from cutting the timber in July, 1917.

Defendant says the 50-acre tract was never intended to be included in the contract, or deed; that there was no mistake or fraud in the transaction; that the plaintiffs knew, or by the exercise of ordinary care should have discovered, upon the delivery of the deed, that it was insufficient to convey said tract, and that she is entitled to the equitable repose and beneficent peace which the three years statute of limitations gives her.

The defendant's position is supported by the decisions in *Sinclair v. Teal,* 156 N. C., 458, 72 S. E., 487, and *Peacock v. Barnes,* 142 N. C., 215, 55 S. E., 99.

The defendant having pleaded the statute of limitations, the burden was on the plaintiffs to show that their suit was brought within three years from the time of the accrual of the cause of action or that otherwise it was not barred. This has been the prevailing rule with us as to the burden of proof where the statute of limitations is properly pleaded. *Phillips v. Penland,* 196 N. C., 425, 147 S. E., 731; *Jackson v.*

Harvester Co., 188 N. C., 275, 124 S. E., 334; Rankin v. Oates, 183 N. C., 517, 112 S. E., 32; Tillery v. Lumber Co., 172 N. C., 296, 90 S. E., 196.

A careful perusal of the record leaves us with the impression that the correct result has been reached.

Affirmed.