MRS. PRUE A. DEESE v. THE TRAVELLERS INSURANCE COMPANY OF HARTFORD, CONNECTICUT.

(Filed 22 February, 1933.)

**1. Insurance H c—Evidence held insufficient to show as matter of law that insured under group policy was not employee at time of his death.**

Where there is evidence that one of the employees insured under a policy of group insurance was an employee of the company taking out the insurance at the time of the execution of the policy, that thereafter the employer was placed in the hands of a receiver, but that the employee continued to do the same work at the same place until his death, and that his pro rata share of the premium on the policy owed by the company which had taken out the insurance was taken out of his wages after the receivership, and there is no evidence that the employee consented to or had knowledge of the fact that after the receivership he was carried on the payroll of another company or that he had been discharged or had left the employment of the first company, *is held* insufficient to show as a matter of law that he had ceased to be an employee of the first company, and the evidence was properly submitted to the jury in an action on the policy by his beneficiary.

**2. Same—Group policy held not to have lapsed as to employee paying pro rata share of premium within grace period under facts of this case.**

A policy of group insurance issued by the defendant provided that upon expiration of its term it might be renewed from year to year, and gave a grace period of thirty days during which it should remain in force and might be renewed. Under the terms of an agreement with the employer, of which the insurer had knowledge, the premium was deducted pro rata from the wages of the employees. The employer failed to exercise its option to renew the policy. Suit was entered on the policy by the named beneficiary of one of the employees who died within the thirty days grace period, and evidence was introduced showing that the employee had not been given notice that the policy had been canceled, and that his pro rata part of the premium had been deducted from his wages after the expiration date of the policy but during the thirty days grace period : *Held*, the insurer's contention that the policy was not in force at the date of the employee's death cannot be maintained, at least as to the employee paying his pro rata part of the premium during the thirty days grace period and relying on the terms of the policy.

APPEAL by defendants from *Moore, Special Judge,* at March Special Term, 1932, of MECKLENBURG. No error.

This is an action to recover of the defendant the sum of two thousand dollars ($2,000), due to the plaintiff as the beneficiary named in a certificate issued by the defendant to her husband, Oscar J. Deese, an

employee of the Carolina Nash Company, pursuant to the provisions of a group life policy of insurance issued by the defendant to the said Carolina Nash Company, by which the defendant agreed to pay to the beneficiary named in said certificate the sum of two thousand dollars ($2,000), upon the death of Oscar J. Deese, provided such death should occur while the said policy was in force, and while the said Oscar J. Deese was an employee of the said Carolina Nash Company.

It is alleged in the complaint that at the date of his death, to wit: 6 October, 1930, Oscar J. Deese was an employee of the Carolina Nash Company, and that the group life policy of insurance under which the said Oscar J. Deese was insured, was in full force and effect. Both these allegations are denied in the answer filed by the defendant.

At the trial, evidence was introduced by both plaintiff and defendant. The issue submitted to the jury was answered as follows:

"Is the defendant indebted to the plaintiff upon group life policy G-6271, certificate No. 14, as alleged in the complaint? Answer: Yes, $2,000, with interest from 6 October, 1930."

From judgment that plaintiff recover of the defendant the sum of $2,000, with interest from 6 October, 1930, and the costs of the action, the defendant appealed to the Supreme Court.

*H. L. Taylor, T. L. Kirkpatrick and J. H. Sembower for plaintiff.*
*Tillett, Tillett & Kennedy for defendant.*

CONNOR, J. Two questions are involved in the issue submitted to the jury at the trial of this action. Both these questions were answered in the affirmative. They are:

1. Was the insured, Oscar J. Deese, an employee of the Carolina Nash Company at the date of his death, to wit: 6 October, 1930?

2. If so, was group life policy G-6271, issued by the defendant to the Carolina Nash Company, and covering the employees of said company, who had accepted the insurance provided by said policy, in force and effect as to Oscar J. Deese, at the date of his death, to wit: 6 October, 1930?

By its motion for judgment as of nonsuit, at the close of all the evidence, the defendant presented to the trial court its contention that there was no evidence from which the jury could answer either of the questions involved in the issue in the affirmative, and on its appeal to this Court the defendant by its assignment of error based on its exception to the refusal of the trial court to allow its motion for judgment as of nonsuit, presents its contention that the judgment should be reversed

and the action dismissed, for that there was no evidence at the trial to support the affirmative answer to the issue, on which the judgment was rendered.

It is conceded that Oscar J. Deese was an employee of the Carolina Nash Company at the date of the issuance of group life policy G-6271, to wit: 24 September, 1929, and that he continued as such employee until some time in September, 1930. There was evidence tending to show that from about 15 September, 1930, when a receiver was appointed for the Carolina Nash Company, until 6 October, 1930, when he died, Oscar J. Deese continued to do the same work, at the same place, as he had done prior to the appointment of the receiver. There was no evidence that he was discharged from or that he left the employment of the Carolina Nash Company at any time prior to his death. The bookkeeping arrangement by which he was carried on the payroll of the Burwell-Harris Company, in the absence of any evidence tending to show that he knew or consented to such arrangement, was not sufficient to show as a matter of law that he had ceased to be an employee of Carolina Nash Company, and had become an employee of Burwell-Harris Company. He received his wages for work done after the appointment of the receiver, on 4 October, 1930, from a bookkeeper who deducted from his wages the amount due Carolina Nash Company on account of insurance. There was ample evidence to support an affirmative answer to the first question involved in the issue.

Group Life Policy G-6271 was issued by the defendant on 24 September, 1929. The policy became effective at said date, and continued in force for a term of one year. This term expired on 24 September, 1930. It was provided, however, in the policy that it might be renewed from year to year, and a grace period of thirty-one days, during which the policy should remain in full force, would be allowed for the payment of any renewal premium.

There was no evidence tending to show that the Carolina Nash Company exercised its option, either before or after 24 September, 1930, to renew the policy for another year. There was evidence, however, tending to show that on 4 October, 1930, the Carolina Nash Company deducted from the wages of Oscar J. Deese, earned after 24 September, 1930, the sum which he had agreed to pay for his insurance under the group life policy. No notice had been given to Oscar J. Deese by the Carolina Nash Company, his employer, or by the defendant, his insurer, that the group life policy had not been renewed. In the absence of such notice, upon his payment to his employer, in accordance with the provisions of the policy, of the sum which he had agreed with both his employer and the defendant to pay for his insurance, the policy was in force, at least as

to him, at the date of his death. The defendant knew when it issued the certificate to Oscar J. Deese, that the said Oscar J. Deese had agreed to pay to the Carolina Nash Company the sums required to keep the policy in force as to him. Its contention that the policy was not in force at the date of his death, because the Carolina Nash Company had failed to renew the policy, cannot and ought not to be sustained, where there was evidence tending to show that in reliance upon the provisions of the policy, the insured employee continued to pay the sum which he had agreed to pay after the policy had expired, but within the grace period of thirty-one days allowed by the policy for the payment of the renewal premium. The judgment is affirmed.

No error.