the description of the land conveyed by the deed was discovered by the plaintiff, or at least until such .mistake should have been discovered by her in the exercise of ordinary care, C. S., 441(9), *Sinclair v. Teal,* 156 N. C., 458, 72 S. E., 487. The statute of limitations did not begin to run against the plaintiff until some time in August, 1931. The action was begun on 10 October, 1931.

There was no error in the refusal of the trial court to dismiss the action by judgment as of nonsuit. The judgment is affirmed.

No error.

S. WALLACE HOWELL v. MUTUAL BUILDING AND LOAN ASSOCIATION.

(Filed 22 February, 1933.)

APPEAL by plaintiff from *MacRae, Special Judge,* at April Special Term, 1932, of MECKLENBURG. Affirmed.

This action was begun on 12 January, 1932. The purpose of the action is to recover of the defendant sums of money due to the plaintiff on account of shares of stock in defendant association, formerly owned by the plaintiff, which have been matured in accordance with the by-laws of the defendant.

In its answer, the defendant alleges that all sums of money due to the plaintiff on account of shares of stock formerly owned by him, were paid to the plaintiff by the defendant promptly as such sums of money became due. The defendant further pleads the three-year statute of limitations in bar of plaintiff's recovery in this action.

The evidence offered by the plaintiff at the trial of the action showed that all the shares of stock in defendant association, which plaintiff had formerly owned were matured prior to February, 1919, and that this action was begun on 12 January, 1932.

At the close of the evidence, the defendant moved for judgment as of nonsuit, on the ground that the action was not begun within three years after the cause of action on which plaintiff seeks to recover accrued, and that for that reason the action is barred by the statute of limitations pleaded in its answer. The motion was allowed, and plaintiff excepted.

From judgment dismissing the action as of nonsuit, the plaintiff appealed to the Supreme Court.

*Thos. W. Alexander and J. L. Delaney for plaintiff.*
*J. M. Shannonhouse, H. L. Taylor and Chase Brenizer for defendant.*

BASS *v.* SELIGMAN; HENDERSON *v.* HARDWARE CO.

PER CURIAM. There was no error in the trial of this action. *Marks v. McLeod,* 203 N. C., 258, 165 S. E., 693. The judgment dismissing the action as of nonsuit, is

Affirmed.

---

T. J. BASS v. SELIGMAN, WILLIAMS AND BALL, INCORPORATED.

(Filed 22 February, 1933.)

APPEAL by defendant from *Parker, J.,* at December Term, 1932, of CHOWAN.

Civil action to recover damages for alleged breach of timber and hauling contracts.

Upon denial of liability and counterclaim set up by defendant, there was a verdict and judgment for plaintiff, from which the defendant appeals, assigning errors.

*J. Fernando White, C. T. Griffin and J. A. Pritchett for plaintiff.*
*L. E. Griffin and John H. Hall for defendant.*

PER CURIAM. On controverted issues of fact, the jury has responded in favor of the plaintiff. The case seems to have been tried in substantial conformity to the principles of law applicable; and we have discovered no ruling or action of the trial court which we apprehend should be held for reversible error. Even if technical error be conceded, it is regarded as harmless in the light of the whole record. The verdict and judgment will be upheld.

No error.

---

C. C. HENDERSON v. JENKINS HARDWARE COMPANY, INCORPORATED.

(Filed 8 March, 1933.)

Appeal and Error J c—

Where there is no finding of fact and no request therefor the Supreme Court upon appeal will not attempt to ascertain the truth from conflicting affidavits, and the judgment will be affirmed, it being presumed correct with the burden on appellant to show error.

CIVIL ACTION, before *Moore, J.,* at June Term, 1932, of WILKES.

*Buford T. Henderson for plaintiff.*
*J. H. Whicker for defendant.*