CARR WHITMIRE v. THE PROVIDENT LIFE AND ACCIDENT INSUR-
ANCE COMPANY OF CHATTANOOGA, TENNESSEE.

(Filed 12 July, 1933.)

**Insurance T c—Held: insured ratified provisions of policy giving insurer
right to cancel, and could not recover for agent's misrepresentations.**

Insurer issued a group policy of insurance which provided that insurer
should have the option to cancel it after notice at the expiration of any
year if a certain per cent of the employees did not avail themselves of its
provisions. Insurer canceled the policy in accordance with its terms.
Plaintiff received notice of intention to cancel and allowed his premium
to be deducted from his wages after such notice, and then received notice
of cancellation, and accepted without protest his wages without any de-
duction for premium. Plaintiff brought suit alleging fraud and deceit in
that insurer's agent had represented at the time he subscribed for the
insurance that the policy should remain in effect as long as he remained
in his employment or until he was retired upon pension: *Held,* plaintiff,
with full knowledge, had ratified the provisions of the policy at variance
with the agent's representations, and insurer's motion to nonsuit should
have been allowed.

CLARKSON, J., dissents.

APPEAL by defendant from *Clement, J.,* at October Term, 1932, of
BUNCOMBE.

Civil action to recover damages for alleged fraudulent issue and
cancellation of accident and health policy of insurance.

The record discloses that on 1 November, 1929, the defendant issued
a policy of group insurance covering members of the Southern Railway
System Employees Pension Association, of which plaintiff was a member.

Said policy contains the following provision with respect to the right
of discontinuance:

"Section (6) The company shall have the option of declining to renew
this policy at the expiration of any policy year following the effective
date hereof if the total number of employees insured is less than fifty
per cent of the total average number of employees in service of the
employer. The company agrees to give the association sixty days ad-
vance notice in writing in the event this option is exercised."

A similar provision appears in the application for said policy which
was executed and filed by the Employees Pension Association.

As not more than 20% of the Southern Railway System Employees
took advantage of this group insurance, which number had been reduced
to approximately 10% in September, 1931, the defendant notified plain-
tiff and all other insured employees, that it elected to discontinue said
insurance and that the same would terminate at the expiration of the
policy year 1 November, 1931. This notice was given only after re-

peated efforts to increase the number of employees in the association, failing in which, alternative offers of different insurance were made, but without success.

The gravamen of plaintiff's complaint is, that M. L. Chunn, a member of the Employees Pension Association, and who is alleged to have solicited plaintiff to join the association and take out a certificate of insurance under the group plan, assured plaintiff that said certificate "could not be canceled so long as he remained in the service of the Southern Railway."

The jury returned the following verdict:

"1. Did the defendant through its agent represent to the plaintiff that it could and would issue the plaintiff an accident and health policy described in the complaint containing the provisions alleged in the complaint, to be retained in force so long as the plaintiff remained in the active services of the Southern Railway System, or until such time as he was retired upon an old age pension? Answer: Yes.

"2. If so, were such representations false and made for the purpose of deceiving the plaintiff? Answer: Yes.

"3. If so, were such representations relied upon by the plaintiff? Answer: Yes.

"4. If so, was the plaintiff induced thereby to enter into said contract of insurance? Answer: Yes.

"5. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: $929.76."

From a judgment on the verdict, defendant appeals, assigning as error the refusal of the court to dismiss the action as in case of nonsuit.

*J. W. Haynes and John E. Baumberger for plaintiff.*
*John A. Chambliss and Sale, Pennell & Pennell for defendant.*

STACY, C. J. The defendant has done no more than it had a right to do under the terms of its contract. In recognition of this fact, the plaintiff has bottomed his alleged cause of action on fraud and deceit, and seeks to recover in tort, but a careful perusal of the record leaves us with the impression that it is barren of evidence sufficient to carry the case to the jury on the theory advanced by the plaintiff.

It appears from the testimony that under date of 1 September, 1931, the plaintiff received a letter from the defendant advising him that continuance of the insurance was contingent on not less than fifty per cent of the employees of the Southern Railway System subscribing for the group insurance, that up to that time they had not done so, and that it would be necessary to discontinue under paragraph six of the policy, or make other adjustments. He was also advised that if adjustments

were not agreed upon, no deduction for premium would be made after 31 October following. The plaintiff made no answer to this letter, but acquiesced in the payment or collection of a premium after it had been received. Under date of 30 September, 1931, the plaintiff received a letter from the defendant stating that the insurance would be discontinued as of 1 November, 1931, that thereafter he would have no insurance, and that "no deductions will be made from your October earnings or thereafter in payment of protection thereunder." The plaintiff did not reply to this letter, but received, without protest, his October earnings without any premium deduction. He instituted this action 28 April, 1932, for "fraudulent and unlawful cancellation." It would seem that the plaintiff, with full knowledge, has ratified the provisions of the policy at variance with the representations made by Chunn. He will not be permitted "to have his cake and eat it too." *Starkweather v. Gravely,* 187 N. C., 526, 122 S. E., 297.

The case is unlike *Elam v. Realty Co.,* 182 N. C., 599, 109 S. E., 632, where it was said an insurance agent or broker who undertakes to procure a policy of insurance for another, affording protection against a designated risk, may be held liable in damages for his negligent failure to exercise ordinary care in the discharge of the obligation assumed by him. The motion to nonsuit should have been allowed.

Reversed.

CLARKSON, J., dissents.