NOAH PERRY v. THE EQUITABLE LIFE ASSURANCE SOCIETY
OF THE UNITED STATES.

(Filed 28 February, 1934.)

**Appeal and Error J g: Question debated in briefs held immaterial in
view of allegations, evidence and verdict.**

Where the allegations, evidence and verdict establishes the fact that
insured under a group policy became totally and permanently disabled
while the policy was in force and prior to the modification of the master
policy by striking out the disability provisions therein, the question of
whether insurer and employer had the right to change the master policy
and the certificates issued thereunder by striking out the disability pro-
visions becomes immaterial, and the jury's verdict in insured's favor on
the controverted issues of fact will be upheld.

APPEAL by defendant from *Hill, Special Judge,* at July Term, 1933,
of AVERY.

Civil action to recover on a certificate of insurance.

The record discloses that on 1 June, 1929, the defendant issued to
the Consolidated Coal Company and its subsidiary companies a policy
of group life, accident and health insurance, containing total and per-
manent disability provisions, under which individual certificates were
issued to the plaintiff as an employee of said coal company, the first on
28 April, 1930, and the second on 1 August, 1932.

The second certificate was issued in substitution of the first, because
on 29 June, 1932, by agreement between the defendant and the "Group
Patron or Employer," the Consolidated Coal Company and its sub-
sidiaries, the master policy was amended by rider attached thereto,
effective 1 August, 1932, whereby the total and permanent disability
provisions contained in said policy, and the individual certificates issued
thereunder, were stricken out, and provided for payment of insurance
only in the event of the death of an employee occurring while insured
under said policy.

Plaintiff, however, seeks to recover on the first certificate, and the
evidence tends to show that his disability began in June, 1932, while
the first certificate was outstanding and in force.

The disability clause contained in this certificate, and the master
policy as originally written, is as follows:

"In the event that any employee while insured under the aforesaid
policy and before attaining age 60 becomes totally and permanently
disabled by bodily injury or disease and will thereby presumably be
continuously prevented for life from engaging in any occupation or
performing any work for compensation of financial value, upon receipt

of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments, the number and amount of which shall be determined by the table of installments below. The amount of insurance herein referred to shall be that in force upon the date on which said total and permanent disability commenced."

Upon denial of liability and issue joined, the jury returned the following verdict:

- "Did the plaintiff, while an employee of the Consolidated Coal Company, and while the insurance referred to in the complaint was in full force and effect, and more than six months after the effective date of such insurance become totally and permanently so disabled as presumably to be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, as alleged in the complaint and amendment thereto? Answer: Yes."

Judgment on the verdict for plaintiff, from which the defendant appeals, assigning errors.

*J. V. Bowers for plaintiff.*
*Bourne, Parker, Bernard & DuBose for defendant.*

STACY, C. J. In view of the allegations of the complaint, the evidence, and the verdict establishing plaintiff's right to recover on the original certificate, the principal questions debated on brief, to wit, the right of the defendant and the group patron or employer, to change the provisions of the master policy and the individual certificates by striking out the total and permanent disability clauses and substituting in lieu thereof new and different individual certificates, goes out of the case.

Thus, the whole matter reduces itself to controverted issues of fact, which have been determined in favor of plaintiff.

Similar policies and certificates were before the Court in *Whitmire v. Ins. Co.,* 205 N. C., 101, 170 S. E., 118, and *Deese v. Ins. Co.,* 204 N. C., 214, 167 S. E., 797.

The verdict and judgment will not be disturbed on the exceptions and assignments of error appearing of record.

No error.