Civil action to recover on a certificate of insurance.
The record discloses that on 1 June, 1929, the defendant issued to the Consolidated Coal Company and its subsidiary companies a policy of group life, accident and health insurance, containing total and permanent disability provisions, under which individual certificates were issued to the plaintiff as an employee of said coal company, the first on 28 April, 1930, and the second on 1 August, 1932.
The second certificate was issued in substitution of the first, because on 29 June, 1932, by agreement between the defendant and the "Group Patron or Employer," the Consolidated Coal Company and its subsidiaries, the master policy was amended by rider attached thereto, effective 1 August, 1932, whereby the total and permanent disability provisions contained in said policy, and the individual certificates issued thereunder, were stricken out, and provided for payment of insurance only in the event of the death of an employee occurring while insured under said policy.
Plaintiff, however, seeks to recover on the first certificate, and the evidence tends to show that his disability began in June, 1932, while the first certificate was outstanding and in force.
The disability clause contained in this certificate, and the master policy as originally written, is as follows:
"In the event that any employee while insured under the aforesaid policy and before attaining age 60 becomes totally and permanently disabled by bodily injury or disease and will thereby presumably be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, upon receipt *Page 123 
of due proof of such disability before the expiration of one year from the date of its commencement, the society will, in termination of all insurance of such employee under the policy, pay equal monthly disability installments, the number and amount of which shall be determined by the table of installments below. The amount of insurance herein referred to shall be that in force upon the date on which said total and permanent disability commenced."
Upon denial of liability and issue joined, the jury returned the following verdict:
"Did the plaintiff, while an employee of the Consolidated Coal Company, and while the insurance referred to in the complaint was in full force and effect, and more than six months after the effective date of such insurance become totally and permanently so disabled as presumably to be continuously prevented for life from engaging in any occupation or performing any work for compensation of financial value, as alleged in the complaint and amendment thereto? Answer: Yes."
Judgment on the verdict for plaintiff, from which the defendant appeals, assigning errors.
In view of the allegations of the complaint, the evidence, and the verdict establishing plaintiff's right to recover on the original certificate, the principal questions debated on brief, to wit, the right of the defendant and the group patron or employer, to change the provisions of the master policy and the individual certificates by striking out the total and permanent disability clauses and substituting in lieu thereof new and different individual certificates, goes out of the case.
Thus, the whole matter reduces itself to controverted issues of fact, which have been determined in favor of plaintiff.
Similar policies and certificates were before the Court in Whitmire v.Ins. Co., 205 N.C. 101, 170 S.E. 118, and Deese v. Ins. Co., 204 N.C. 214,167 S.E. 797.
The verdict and judgment will not be disturbed on the exceptions and assignments of error appearing of record.
No error. *Page 124