SCHENCK, J., took no part in the consideration or decision of this case.
Civil action to recover on a certificate of group insurance issued by defendant to plaintiff as an employee of Rogers Store, Inc., a subsidiary of Southern Grocery Stores, Inc.
The schedule of insurance set out in the master policy issued by defendant to the employer shows $1,000 for "Managers" and $3,000 for "Superintendents." The amount deducted monthly for managers was sixty cents and for superintendents, $1.80. The policy provides: "If the employee's occupation or position shall change so as to place him in a different class, the amount of his insurance shall, on the date such change becomes effective, change to the amount provided in the above table for the class in which his new occupation or position shall place him."
The plaintiff was originally employed as manager. On 1 February, 1928, he was promoted to superintendent, which position he held until August, 1930, when he was demoted to manager. His insurance and the monthly premiums to be retained increased or decreased as the plaintiff was promoted or demoted.
After plaintiff was demoted from superintendent to manager, the employer continued to deduct the higher premium until the overcharge amounted to $8.40.
The plaintiff has been paid by the defendant $1,000, the amount due a manager under the policy, and his employer has tendered him the overcharge of $8.40. He sues for $2,000, the difference between the amount paid him by the defendant and the amount he would have been entitled to receive had he remained superintendent up to the time of his disability. The basis of his claim is that he was overcharged by his employer after his demotion from superintendent to manager. This excess or overcharge was never paid to the defendant.
The court, being of opinion that the defendant had discharged its full liability under the policy, dismissed the action as in case of nonsuit, and the plaintiff appeals.
after stating the case: The nonsuit is correct. The plaintiff knew the amount of his insurance, as well as the monthly *Page 374 
premiums to be deducted by the employer, changed back and forth accordingly as he was demoted or promoted from one classification to another. With this knowledge he cannot, while manager, be heard to say he was superintendent.
In the case of Deese v. Ins. Co., 204 N.C. 214, 167 S.E. 797, cited and relied upon by plaintiff, the employee had no such knowledge or information. The two cases are not alike.
Affirmed.
SCHENCK, J., took no part in the consideration or decision of this case.