R. H. BENNETT, Administrator of the Estate of Albert H. Steele, Deceased, Plaintiff,

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY OF BOSTON, MASSACHUSETTS, a Corporation, Defendant.

Civ. A. No. 482.

United States District Court
S. D. West Virginia.

Oct. 7, 1957.

Sidney L. Christie, Keystone, W. Va., Joseph M. Sanders, and Sanders, Smoot & Sanders, Bluefield, W. Va., for plaintiff.

Paul S. Hudgins, and Richardson, Hudgins & Hancock, Bluefield, W. Va., for defendant.

MOORE, Chief Judge.

This is an action by plaintiff as administrator of a deceased beneficiary of a group life insurance policy issued by defendant to Eastern Gas and Fuel Associates on the lives of its employees. Part of the premium on the group policy was contributed by Eastern Gas and Fuel Associates and part by the participating employees through pay roll deductions. The deceased Albert H. Steele, was employed as assistant general mine foreman.

The case was heard without a jury and it was found as facts by the Court that Steele ceased active work on or about the 26th day of October, 1955, due to sickness; that he died on December 20, 1955; and that the disease from which he died was the culmination of the same disease or sickness that caused him to cease active work. Amendment number twelve of the policy reads:

"If the employee ceases active work due to sickness or injury, his employment shall be deemed to continue for the purpose of insurance hereunder during the continuance of such disability for a period of three months from the date the employee ceased active work, and thereafter during the continuance of such disability until terminated by the employer either by written notice to the company or by any other means."

This provision of the policy came into effect at the time Steele ceased active

1

work and since he died from the same disability within a period of three months from that date, the Court's conclusion of law was that he was covered by the policy and that the defendant is required to pay the amount due, which is $7,700.

The defendant moved to vacate the findings of fact and conclusions of law and to grant a new trial. This motion was argued and briefs were submitted. Defendant contends the coverage of the policy terminated on the date of the expiration of the period for which the last required premium contribution was made by Steele. Amendment number twelve of the policy contains this provision:

"The insurance of an employee shall cease automatically on the earliest of the following dates:

"(a) The date of expiration of the period for which the last required premium contribution is made by the employee: * * *."

According to the undisputed testimony of Henry Carrington, mine accountant at the Keystone mine of Eastern Gas and Fuel Associates, the last premium deduction from Steele's pay covered the month of November. The Court finds this to be a fact. Under this provision, then, unless modified by other terms of the policy, the insurance of Steele would have ceased on the last day of November. Another provision of the policy contained in amendment number twelve states:

"A grace of thirty-one days without interest, during which this policy shall remain in force, will be granted for the payment of premiums or regular installments thereof, after the first."

This is the bone of contention. If this grace period applied to the insured employees then Steele's insurance coverage was extended through the month of December, in which he died. If the grace period applies only to the employer, then Steele's coverage expired at the end of the period for which the last premium contribution was made.

A group life insurance policy is taken out primarily for the benefit of the employees. Management benefits only in the sense that such so-called "fringe" benefits make for better morale among the employees and foster a more amicable employer-employee relationship.

Defendant cites the case of Adkins v. Aetna Life Insurance Company, 1947, 130 W.Va. 362, 43 S.E.2d 372, 381, for the contention that the grace period applied to the employer and not the employees. In that case the employer was required to pay all the premiums and the employment of the insured employee had terminated prior to his death. In this case the employee contributed to the payment of premiums and his employment had not terminated for the purpose of insurance. The court said:

"The grace period, provided by the policy, is for the benefit of the employer, who, by the express terms of the policy, was required to pay the premiums. No obligation of that nature is imposed upon the insured. In this respect the group policy of insurance is different from the ordinary life insurance policy. The effect of the grace period provision of the group policy issued by the defendant is to protect the insured if his employment continues with his employer during that period, but not to afford him protection if the insurance has ceased because of the termination of his employment."

Although Steele had ceased active work, this was due to sickness; and under amendment number twelve he was, for insurance purposes, still an employee. The Adkins case, therefore, constitutes no authority for defendant's contention that Steele's protection under the policy had been terminated, since the dictum of that case would protect his coverage by applying the grace period.

Defendant also relies on the case of Peyton v. Equitable Life Assurance Society of the United States, 159 Pa. Super. 318, 48 A.2d 145, 148. The policy in that case contained a provision that

where an employee was totally disabled at the time his insurance ceased and died within a period not longer than the time his insurance had been continuously in force but in any event not longer than twelve months, his beneficiary could recover the death benefit. Another provision was to the effect that the insurance terminated upon discontinuance of required premium contribution or in the event of termination of employment, 31 days after termination. There was also a grace period provided somewhat similar to the one here, but more liberal, in that it extends coverage for 31 days after termination of employment, whereas here coverage ceases immediately on termination of employment, unless, as happened in Steele's case, the employee ceases active work due to sickness.

The plaintiff in the Peyton case argued that the grace period should be included in computing the base period, that is, the period of insurance coverage. In holding that the grace period was not to be included in the computation of the base period, the court said:

"The grace period granted to the employer to pay premiums did not continue the insurance coverage for Peyton, where the insurance had ceased under the policy because of his non-payment of premium contributions to the employer."

Peyton had quit work supposedly totally disabled but had obtained employment with another corporation. The court was not convinced that he was totally disabled, but made no issue of it.

It may be that the result reached in this case is correct, although awkwardly phrased. It is reasonable that the grace period should not be considered part of the insurance coverage in arriving at the base period. The coverage of a policy is for a determined space of time, be it monthly or yearly. Grace may be allowed for the payment of premiums which will extend this coverage. Of course, if an insured died within the grace period his beneficiary receives the death benefit. Thus, in the usual life insurance policy the coverage is for one year. At the end of this policy year the insured is ordinarily given thirty-one days in which to pay the premium and extend coverage for another year. If he dies within the thirty-one days his beneficiary receives the death benefit. The period of coverage is one year, not one year and thirty-one days. If the premium is paid, the next year's coverage dates from the expiration date of the previous year's coverage, not from the date within the thirty-one days of grace on which the premium is paid.

The Peyton case does not purport to deal with any of the essential questions on which my decision hinges in the case with which I am concerned. Moreover, it is to be noted that it was decided by an inferior, or intermediate appellate court, rather than the court of last resort. If it were in point it would not disturb the weight of authority, which I believe sustains plaintiff's right to recover under the policy.

In the case of Ozanich v. Metropolitan Life Insurance Company, 119 Pa.Super. 52, 180 A. 576, the grace period was held to apply and to protect an employee who died, while in the employ of his employer, during the thirty-one day period of grace. The applicable policy provision stated "a grace of 31 days is allowed the *employer* for the payment of every premium after the first, during which time the insurance shall continue in force." [180 A. 67, 68] The court said, "as the policy insures nobody but employees, the thirty-one day grace provision must be for their ultimate benefit." It seems clearly to be the rule that the grace provision of a group policy protects the insured employees who die, while still employed, within the period of grace. Connecticut General Life Insurance Company v. Horner, Tex.Civ.App., 21 S.W. 2d 45, Hinkler v. Equitable Life Assurance Society, 61 Ohio App. 140, 22 N.E.2d 451, Powell v. Equitable Life Assurance Society of the United States, 173 S.C. 50, 174 S.E. 649; Deese v. Travelers' Insurance Company of Hartford, Connecticut, 204 N.C. 214, 167 S.E. 797; Nick

4

v. Travelers Insurance Company, 238 Mo.App. 1181, 185 S.W.2d 326.

Steele ceased active work due to sickness and therefore his employment was deemed to continue for a period of three months under the policy. He died within this period. His premiums were paid through November. By virtue of the grace provision, Steele's insurance was in effect during the month of December in which he died. Defendant's motion is denied and the administrator of the estate of Albert H. Steele is entitled to recover the death benefit of $7,700, less the December premium, plus interest from the date liability was denied.