## LIFE INSURANCE COMPANY OF NORTH AMERICA *v.* HALKER

[No. 359, September Term, 1968.]

*Decided July 9, 1969.*

The cause was argued before HAMMOND, C. J., and MARBURY, MCWILLIAMS, FINAN, SINGLEY and SMITH, JJ.

*Douglas G. Worrall,* with whom were *Smith, Somerville & Case* on the brief, for appellant.

Submitted on brief by *Peter B. Turney* for appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The group life insurance policy here involved originally was issued by Life Insurance Company of North America (Insurer), the appellant, a subsidiary of Insurance Company of North America, to cover the employees of the parent company which under the policy was the "Employer" and under the applicable statutes of Pennsylvania was the "Policyholder." [1] After the policy had been in effect

---

1. The policy provides that it is to be governed by and construed in accordance with the law of Pennsylvania, it was de-

for some time, it was amended (by Amendment No. 11) to include independent general agents of the Insurance Company of North America as "Employees" (although only employees of the agents and not the agents as such were insured), and after this Allied Insurance Services of Maryland, Inc. (Allied), one of those agents, covered its employees by the group policy.

Harold Halker was employed by Allied and became insured for $20,000. Allied paid the quarterly premiums (in part contributions of its employees and in part its own funds)—often late—to Insurance Company of North America, which in turn paid them to the Insurer, until the premium due October 1, 1965 which was never paid. The policy thus beyond doubt continued to cover Allied's employees, including Halker, through September 30, 1965. Halker died on October 31, 1965, concededly within thirty-one days of September 30, and his widow, the appellee, made demand on the Insurer for payment of the $20,000 for which he had been insured. The Insurer refused to pay, claiming that Halker ceased to be covered at the end of September 30, the last day for which a premium had been paid, and that even though the policy recites that "A grace period of thirty-one days following the due date shall be allowed the Employer [Policyholder] for the payment of any premium after the first * * *," this extension of the policy is solely for the benefit of the Employer and not for the benefit of the insureds. The widow says this is manifestly double talk which may be full of sound and fury but means nothing because the policy is a term policy, the only purpose of which is to insure lives, and the grace period would be meaningless if it did not serve to extend the time during which lives were covered.

Judge Proctor, sitting in the Circuit Court for Baltimore County without a jury, agreed with the widow and on November 19, 1968, granted her a judgment against

livered there, and the parties agree that Pennsylvania law governs the disposition of this case.

the Insurer, the appellant, for $20,000 with interest from November 16, 1965 and costs. We think Judge Proctor's decision is almost demonstrably correct. 40 Purdon's Penna. Statutes, § 532.1 provides that:

> "No policy of group life insurance shall be delivered in this State unless it conforms to one of the following descriptions and to the requirements as to each set forth in sections two, three, four and five of this act.
> "(1) A policy issued to an employer, or to the trustees of a fund established by an employer, which employer or trustees shall be deemed the policyholder, to insure employees of the employer for the benefit of persons other than the employer."

Although it is not necessary for the decision of the case, it appears to us that § 532.1 must be read into Amendment No. 11 and the basic policy to make Allied a policyholder or, in the words of the policy, an employer in relation to its covered employees.

The basic policy gives the employer a thirty-one day grace period and adds that if the premium is not paid within thirty-one days "this policy shall automatically terminate at the expiration of the grace period * * *." Amendment No. 11 states that an insured's insurance coverage shall terminate at "* * * 2. The end of the period for which the last premium was paid * * *."

In 1935 the Superior Court of Pennsylvania said in *Ozanich v. Metropolitan Life Ins. Co.*, 180 A. 67, 71, in speaking of an individual insured under a group policy:

> "The premium on Ozanich's insurance was paid for the month of December, 1932. If he died within the grace period of 31 days, following January 1, 1933, his beneficiary would still be entitled to be paid."

On motion for reargument, the Court strongly reiterated its stand, saying (p. 576 of 180 A.):

"It [the thirty-one day grace period] does apply to and protect the employee who dies, while in the employ of his employer, before the thirty-one day grace period has expired. As the policy insures nobody but employees, the thirty-one day grace provision must be for their ultimate benefit."

44 C.J.S. *Insurance* § 329 b, *Group Insurance*, cites *Ozanich* as authority for the proposition that a provision in a group policy for a specified period of grace for payment of premiums protects an employee who dies while employed before the expiration of the period. The United States District Court for the Southern District of West Virginia held that an employee covered by a group policy who died within the grace period was covered in *Bennett v. John Hancock Mutual Life Insurance Co.,* 155 F. Supp. 1, 3, *rev'd on other grounds,* 255 F. 2d 745. The Court, quoting and relying on *Ozanich,* said: "It seems clearly to be the rule that the grace provision of a group policy protects the insured employees who die, while still employed, within the period of grace," and then cited cases from Texas, Ohio, South Carolina, North Carolina and Missouri. See also 1 Appleman, *Insurance Law and Practice,* § 125, which states:

"Most contracts of group insurance now provide a grace period of thirty or thirty-one days. There is some conflict as to the proper party to avail himself of this provision. A few cases have held that the employer is the proper person entitled thereto, but other cases, and what seem to this writer to represent the better view, hold that the right may be exercised by the employee and inures to his benefit,"

and cites additional cases from California and Georgia.

The matter has been put beyond doubt in our view by the enactment in 1949, fourteen years after *Ozanich,* of what is now 40 Purdon's Penna. Statutes § 532.6, which reads:

"No policy of group life insurance shall be delivered in this State unless it contains in substance the following provisions, or provisions which in the opinion of the Insurance Commissioner are more favorable to the persons insured, or at least as favorable to the persons insured and more favorable to the policyholder: * * *.

"(1) A provision that the policyholder is entitled to a grace period of thirty-one days for the payment of any premium due except the first, *during which grace period the death benefit coverage shall continue in force * * *.*" (Emphasis added)

If the "death benefit coverage" is to continue in force, as the statute requires, it can only mean that the insured's beneficiary must be paid the amount of the policy coverage. Otherwise, the statutory provision would be meaningless.

Judge Proctor did not err in allowing interest from November 1965. The Insurer had no real justification for refusing to pay promptly after demand.

*Judgment affirmed, with costs.*